MILLER *v.* S. FAIR & SONS.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMMON LABOR—"EMPLOYMENT."

Under the workmen's compensation act, work ordinarily described as common labor is an "employment."

2. SAME—PARTIAL DISABILITY.

Where plaintiff's injuries resulted in partial disability, in that he could use only one hand instead of two in working at common labor, the compensation to which he was entitled was properly computed on the basis of partial disability.

3. SAME—COMPUTATION OF AWARD—AVERAGE WEEKLY WAGE.

Where the order and award of compensation to which the injured employee is entitled under section 10, part 2, of the workmen's compensation law, specifies the wages plaintiff is able to earn since the injury, instead of the average weekly wages he is able to earn, the award should be amended accordingly.

Certiorari to Industrial Accident Board. Submitted January 31, 1919. (Docket No. 64.) Decided April 3, 1919. Rehearing denied June 13, 1919.

John Miller presented his claim for compensation against S. Fair & Sons for accidental injury in defendant's employ. From an order awarding compensation in an insufficient amount, plaintiff brings certiorari. Amended, and affirmed.

*R. L. Crane,* for appellant.

*Cummins & Nichols,* for appellee.

OSTRANDER, J. Claimant was injured March 23, 1916. His average weekly wages were $12.70. The rate of compensation agreed upon by claimant and the insurance company carrying the risk, and approved

As to the constitutionality, construction and effect of the workmen's compensation acts, see comprehensive notes in L. R. A. 1916A, 23, and L. R. A. 1917D, 80.

by the industrial accident board, was $6.35 per week, "subject to the terms of the act." The statute, Act No. 10, Extra Session 1912, part 2 (2 Comp. Laws 1915, §§ 5439-5441), so far as it applies, reads:

"SEC. 9. While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation equal to one-half his average weekly wages, * * *

"SEC. 10. While the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, * * *

"SEC. 11. * * * The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee, computed according to the provisions of this section, as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident, the same to be fixed as of the time of the accident, but to be determined in view of the nature and extent of the injury."

We have held that, reading these provisions together:

"The language of this last provision is plain, and has but one obvious meaning, designating as the test capacity to earn in the same employment in which the employee was injured. That under this rule instances may arise where it works inequitably, does not authorize the court to read exceptions into it or modify its plain language defining the basis for estimating incapacity, which at best can only be approximated. If the method ought to be changed or exceptional cases provided for, the remedy rests with the legislature." *Foley* v. *Railway*, 190 Mich. 507, 515.

And in *Jameson* v. *Walter S. Newhall Co.*, 200 Mich. 514, when claimant was permanently disabled from

pursuing the employment in which he was engaged when injured, but was nevertheless later on able to secure other and different employment, a finding that he was permanently wholly disabled, within the meaning of the act, was sustained. See, also, *Mellen Lumber Co.* v. *Industrial Commission,* 154 Wis. 114 (142 N. W. 187, L. R. A. 1916A, 374, Ann. Cas. 1915B, 997).

In the case now before us, the industrial accident board made the following finding and award on March 16, 1918:

"A petition having been filed by the applicant in the above-entitled cause, praying for reasons therein set forth that payments of compensation be continued therein, and the same having come on to be heard before the board on February 14, 1918, and proofs and briefs having been filed and due consideration having been had thereon, the board finds as a fact from the files and testimony that said applicant is partially incapacitated as a result of the accidental injury received while in the employ of said respondents on March 23, 1916; that he has been employed part of the time since the date of the completion of the last payment of compensation, May 18, 1917; that while employed, with the exception of about two weeks following May 18, 1917, he has received reduced wages; that said applicant should receive compensation while employed, at the rate of one-half the difference between his wages before the accident and the wages he has received thereafter from the time he resumed work, May 18, 1917; that if said applicant should be at any time, either before or after the date of this order, unable to continue his work or unable to secure employment because of any disability resulting from his accidental injury, then he should be paid compensation at the rate of six dollars and thirty-five cents ($6.35) per week in accordance with the terms of the agreement approved by the board April 29, 1916, during such periods; that there is now due and payable to said applicant by said respondents compensation from the time payments were stopped,

May 18, 1917, to the date of this order in conformity with the foregoing, which sum shall be paid presently.

"It is therefore ordered and adjudged that said applicant is entitled to receive and recover from said respondents compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, during his partial disability, in the employment in which he was engaged at the time of his injury, said payments to commence on May 18, 1917, the date of the last payment made to applicant by respondents.

"It is further ordered that at the present time applicant is entitled to receive compensation from May 18, 1917, to the date of this order, less amounts earned during that period, and the sum due shall be paid forthwith.

"It is further ordered that if at any time applicant, during his disability, is unable to perform or secure work in view of said disability, then he shall receive compensation at the rate of six dollars and thirty-five cents ($6.35) per week in accordance with the terms of the agreement approved by the board April 29, 1916."

Upon further application in the nature of application for a rehearing, and upon the whole record, the board made the following finding and award:

"*a.* That the expression 'less amounts earned during that period' used in the third paragraph of the order of March 16, 1918, was intended to mean that the applicant was not to be paid workmen's compensation during any time he was able to work and earn full wages and that said expression was not intended to mean that the earnings of the applicant should apply upon the compensation to which he should be entitled.

"*b.* That the applicant was injured while doing the work of a common laborer such as wheeling, shoveling and mixing sand and carrying things necessary to be carried around the foundry.

"*c.* That the applicant at the time he was injured was not engaged in employment as a moulder and that he was not a moulder.

"*d.* That his average weekly wage at the time he

was injured was $12.70; that his compensation rate during total disability was and is $6.35 per week.

"*e.* That at a time about fourteen (14) months after the man was injured he returned to the employment in which he was injured but only worked a couple of weeks or some such time and that it does not affirmatively appear that he worked steadily during that time, and hence it may be that during all of the time since the man was injured he may be entitled to receive compensation either for total or as for partial disability.

"*f.* That during all of the time since March 23, 1916, during which the applicant has not been able to earn at all he shall be paid $6.35 per week.

"*g.* That running an elevator is in the judgment of the board common labor and that during any of the time since the applicant was injured in which the applicant has been able to earn some wages at common labor he is entitled to be paid one-half of the difference between the wages he has been able to earn at common labor and $12.70 per week, his average weekly wages at the time he was injured.

"*h.* That it appears to the board that the hand of the applicant is in quite bad condition and that it is likely that the applicant will be either totally or partially disabled for some considerable time to come. That during a part of the immediate future he may be totally disabled and during a part of the time he may be partially disabled, and it is impossible for the board to say at present just what the future will develop in his case. That it cannot be said to a certainty that he will be totally disabled nor that he will be only partially disabled, and therefore the order of the board should provide for either condition."

There was evidence supporting the finding that when injured the employment of claimant was that of common laborer. The labor he was performing, shoveling and wheeling a barrow, required the use of both hands. He can and does perform labor which does not require the use of the right hand and arm. It is the contention of claimant that because he cannot do the work he was doing when he was injured his case

is governed by the decisions above referred to, and that he should be allowed compensation as for total disability while the disability continues.

Employing the language of claimant's brief, the contention is:

"Claimant being incapacitated from doing the kind of work, or similar employment, being done when injured, or any part of it, entitles him to what compensation during the disability? , We contend full compensation not exceeding 500 weeks."

The award must stand unless, as claimant contends, one who is a common laborer and is disabled while doing some particular labor requiring the use of both of his hands and arms is totally disabled if on account of an injury he cannot perform the same labor or labor which requires the use of both arms and hands but can perform other common labor. We are unable to make the required distinction, being of opinion that the work of one engaged in what is ordinarily described as common labor is an *employment* within the meaning of the act. The act does not classify persons employed at labor, but it does recognize that there are different kinds of employment. The act was intended to affect and apply to existing conditions, one of which, generally recognized, is that persons are employed as common laborers—that the employment of certain wage earners is, and is known as, common labor. A definition of common labor, exclusive and inclusive, is not easily formulated, but the common understanding is, for the purposes of this decision, illustrated in the testimony of the claimant. Upon direct examination, the questions and answers referred to are:

"*Q.* What were you doing at the time of the injury in question?

"*A.* Just common labor.

"*Q.* Well, go right on and describe what you were doing for the respondent?

"*A.* Shoveling sand and carrying pots where they melt, the melted steel pots."

Stating that at the instant of his injury he was assisting three others in carrying a tank, he was asked: "Was the carrying of this tank a part of your duties and work at the time?" and he answered, "Yes." On cross-examination, the following testimony was given:

"*Q.* How long had you been working for the S. Fair & Co., when you got hurt?

"*A.* For about six weeks.

"*Q.* In that six weeks what was the nature of your duty?

"*A.* Just shoveling sand and carrying iron and stuff.

"*Q.* Shoveling sand and what?

"*A.* And carrying stuff around, parts, wherever they send us we go."

Claimant's incapacity for work, in the employment in which he was engaged when he was injured, being partial and not total, the compensation to which he is entitled was rightly computed accordingly. A criticism of the order and award of the board which might have been but is not made is that it specifies the wages he has been able to earn since the injury, and not the *average weekly wages* he is able to earn, as one factor in the computation. The award in this respect should be amended accordingly. Neither party will recover costs.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.