CRAWLEY v. GENERAL MOTORS TRUCK CORP.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSABLE INJURY.

To entitle injured employee to compensation under workmen's compensation act, injury must have arisen out of and in course of his employment.

2. SAME—WHEN SUBSEQUENT INJURY COMPENSABLE UNDER ACT.

To entitle injured employee to recover under workmen's compensation act for subsequent injury, it must be "proximately traceable" to original injury, which means that second injury must follow as sequence and natural result of original injury.

3. SAME—SUBSEQUENT INJURY NOT TRACEABLE TO ORIGINAL ONE NOT COMPENSABLE—ACTION AT LAW.

Injury to employee, caused by physician while conducting physical examination for benefit of employer two years after original compensable injury occurred, is not traceable to original injury, and therefore is not compensable under workmen's compensation act, but is a new and independent injury, remedy for which, if any, is action at law.

Appeal from Oakland; Covert (Frank L.), J. Submitted June 21, 1932. (Calendar No. 36,539.) Decided September 16, 1932.

Case by Ben Crawley against General Motors Truck Corporation and another for personal injuries alleged to be due to defendants' negligence. From order denying motion to dismiss, defendant corporation appeals. Affirmed.

*C. Earl Currah* and *Harry F. Hittle,* for plaintiff.

*J. G. Stevenson* and *Patterson & Patterson,* for defendant corporation.

As to injuries "arising out of and in the course of" employment, see annotation in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896.

On right to compensation for new or aggravated injury as result of medical or surgical treatment, see annotation in 39 A. L. R. 1276.

McDonald, J.   The plaintiff suffered an accidental injury arising out of and in the course of his employment with the defendant corporation. A falling timber hit him in the back and injured his kidneys.   He was awarded compensation for total disability at the rate of $18 a week for a period not to exceed 500 weeks.   About two years later, seeking evidence to support a petition to discontinue compensation, the defendant corporation ordered the plaintiff to report at the State hospital at Ann Arbor for an examination.   The examination was conducted by · the defendant Dr. Nesbit.   It is charged by the plaintiff that while examining him Dr. Nesbit—

"Negligently, carelessly and unskilfully, damaged, injured, bruised and tore the urethra by causing an instrument or instruments which he was then and there using, to puncture the side of the penis; that as a result of said puncture, the said plaintiff is now compelled to urinate through the side of the penis instead of through the urethra," etc.

To recover damages for this injury the plaintiff brought an action at law against the doctor and the General Motors Truck Corporation.   The defendant corporation filed a motion to dismiss on the ground that as to it the declaration does not state a cause of action.   From a denial of this motion the defendant has appealed.

It is the defendant's contention that the plaintiff's action is barred by the provisions of the workmen's compensation law (2 Comp. Laws 1929, §§ 8407 *et seq.*), and that the only way he can recover for his injury is by following the procedure therein prescribed.   It is a question of jurisdiction.   If the defendant is right in its contention, the circuit court had no jurisdiction to entertain this action at law.

To entitle the plaintiff to compensation under the act, the injury must have arisen out of and in the course of his employment. As to the original injury, that fact is conceded. This second injury occurred two years after the plaintiff's employment had ceased. To bring it within the rule, there must appear some causal connection between it and the first injury. In this case the test is, Was the original injury a causal factor in producing the second injury? In considering the right of an employee to recover under the act for a subsequent injury, this court has followed the rule that it is not compensable unless it can be "proximately traceable" to the original injury. In *Oleszek* v. *Ford Motor Co.*, 217 Mich. 318, it is said:

"Where there is a right of recovery due to the original injury and the disability at the time of the hearing is directly traceable thereto, the intervention of other and aggravating causes by which such disability has been increased, if the claimant himself is not to blame therefor, is no bar to his recovery."

In the instant case we cannot say the injury complained of is in any way traceable to the original injury, unless we adopt defendant's argument that, if there had been no injury, there would have been no examination, and, if there had been no examination, there would have been no second injury. But that is not what the courts mean by the use of the word "traceable." When used in this connection it is meant that the second injury follows as a sequence and natural result of the original injury. We are unable to discover the slightest connection between the two injuries. The first injury was to the kidneys, caused by the falling of a timber on the plaintiff's back. The second injury was pro-

duced by the doctor apparently while exploring to discover some other and different cause of disability not connected with the original injury. It was caused by the intervention of an independent agency which produced results wholly disconnected with the original injury. It did not aggravate the original injury, and therefore did not increase the plaintiff's disability. It did not retard his recovery from the original injury. It was a new injury having no connection with or effect whatever upon the first.

It should be noted that the second injury did not occur while the doctor was treating the plaintiff or rendering the medical and surgical services which the statute requires of the employer, viz., that he shall furnish all reasonably necessary medical, surgical, and hospital service during the first 90 days after the injury.

The second injury occurred more than two years after the first, and not while the doctor was rendering any medical or surgical services. If the injury resulted from treatment which the employer was required by the statute to render, a different situation might be presented. But that is not the case. Here the injury resulted during an examination which the employer was conducting for its own benefit.

It seems to be very clear that the injury, to recover damages for which the plaintiff has brought this suit, is not attributable in any sense to the original injury. It cannot be compensated for under the compensation law, as it did not arise out of or in the course of his employment. Therefore the trial court did not err in refusing the defendant's motion to dismiss.

The order is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. BUTZEL, J., did not sit.