MARMAN *v.* DETROIT EDISON CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PERSONAL INJURY.

The term "personal injury," as used in workmen's compensation act, contemplates some intervention which either produces a direct injury or so operates upon an existing physical condition as to cause an injurious result, reasonably traceable thereto (2 Comp. Laws 1929, § 8417).

2. SAME—BURDEN OF PROOF—DEATH DUE TO ACCIDENT.

The burden is upon those claiming compensation under workmen's compensation act to show that death of employee due to congenital *status lymphaticus* was precipitated by accident (2 Comp. Laws 1929, § 8417).

3. SAME—DEPARTMENT OF LABOR AND INDUSTRY—FINDING OF DEATH DUE TO ACCIDENT.

It is duty of department of labor and industry in making finding that death of employee was due to accident, to designate the accident and make a finding of personal injury therefrom (2 Comp. Laws 1929, § 8417).

4. SAME—REASONABLE INFERENCES—POSSIBILITY.

Department of labor and industry may draw reasonable inferences from established facts and circumstances but may not indulge in the assumption of a possibility based on a possibility and a consequent guess (2 Comp. Laws 1929, § 8417).

5. SAME—CONGENITAL STATUS LYMPHATICUS—ACCIDENT.

Death of employee, dusting neutral electrical appliances, from congenital *status lymphaticus held*, noncompensable under workmen's compensation act, where there is no evidence that death was precipitated either by fall from stepladder, electric shock, or other personal injury arising out of and in the course of his employment (2 Comp. Laws 1929, § 8417).

Appeal from Department of Labor and Industry. Submitted April 26, 1934. (Docket No. 121, Calendar No. 37,580.) Decided July 2, 1934.

Jolan Marman, widow, and Carl Marman, minor, presented their claim for compensation against Detroit Edison Company, a New York corporation, for alleged accidental injuries causing the death of Carl Marman. Award to plaintiffs. Defendant appeals. Reversed.

*Levin, Levin & Dill* and *Gloster, Giller & Briggs,* for plaintiffs.

*Oxtoby, Robison & Hull,* for defendant.

WIEST, J. This is an appeal from the finding of the department of labor and industry that Carl Marman met with a personal injury, causing his death, while in the employ of defendant, and the question is whether the finding has supporting evidence.

The employee was found dead. An autopsy disclosed a physical condition which, it is claimed, might have proved fatal if subjected to an electric shock or a fall. The board found that death was the result of an accident, but did not designate the nature of the accident. The statute, 2 Comp. Laws 1929, § 8417, provides compensation for a personal injury, arising out of and in the course of employment. Personal injury implies something more than changes in the human system incident to the general process of nature or existing disease or weakened physical condition. The term, as employed in the compensation act, contemplates some intervention which either produces a direct injury or so operates upon an existing physical condition as to cause an injurious result, reasonably traceable thereto.

The employee had *status lymphaticus.* The medical witnesses disagreed upon whether such a physical condition of an adult, without a precipitating cause, might result in sudden death and, therefore, we must leave that subject amidst the uncertainty

evidently existing among members of the medical profession. We know, however, that the cause of his death was *status lymphaticus.*

Was fatality precipitated by a fall or an electric shock? The burden was on plaintiffs to show that it was. The employee was engaged in dusting neutral electrical appliances. He had an air hose to blow dust, and a four-foot stepladder with which to reach the tops of appliances, and was furnished with rubber gloves. He was found lying on the floor and without the gloves on his hands. The electric current was cut off by an open wall switch.

Two theories were advanced; one that he may have fallen from the stepladder and the other that he may have reached over and outside the ambit of his work and touched the clips of the open slice electric switch, and have received an electric shock, sufficient to cause his death from *status lymphaticus.* The stepladder was found standing in place and no bruises were found upon the body of the employee, and his position on the floor negatived a fall from the stepladder. The electric switch was found open so he received no electric shock, unless he reached over and touched the stationary clips of the switch. No electric burns were found upon his hands or body and an autopsy disclosed conditions negativing any severe electric shock.

It is true the mother of the employee testified that, after the autopsy, she saw the body of her son at the morgue, and his right hand was all crippled up and had black marks on it, and Mrs. Marman testified that, when the body came back from the undertakers, the "right hand sort of seemed to be shriveled up. * * * It seems as though his hands were put in hot water. Just shriveled up. Little black marks on."

The doctor who held the autopsy testified that he cleaned the hands of the deceased, examined them carefully and found nothing unusual, that "the body was in *rigor mortis,* and the fingers of both hands were partially contracted, as expected in *rigor mortis.*"

His death was caused by *status lymphaticus* and was not occasioned by the accident unless, in the course of his employment, there was brought to bear a precipitating cause.

The department of labor and industry found that his death was the result of an accident. It was highly important, if there was an accident, to designate it and make a finding of personal injury therefrom. His death was not compensable unless an accident operated in precipitation of his congenital *status lymphaticus* ailment.

Was his death precipitated by a personal injury? No one knows, and no one can tell whether there was, in fact, any accident resulting in personal injury.

The department of labor and industry may draw reasonable inferences from established facts and circumstances, but may not indulge in the assumption of a possibility based on a possibility and a consequent guess. See *Standard Drug Store* v. *A. E. Wood & Co.,* 227 Mich. 333.

There was no evidence that death of the employee, from *status lymphaticus,* was precipitated by a personal injury, arising out of and in the course of his employment.

The award is vacated, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, and EDWARD M. SHARPE, JJ., concurred. BUTZEL and BUSHNELL, JJ., did not sit.