GAUTHIER *v.* FORD MOTOR CO.

1. Workmen's Compensation — Unapproved Settlement Receipt Not Binding.

   A settlement receipt which was not approved by the department of labor and industry is not binding, hence on application for review of payments filed thereafter it was unnecessary for plaintiff to show any change in physical condition.

2. Same—Return to Work—Compensation Payable.

   One who was injured prior to passage of Act No. 376, Pub. Acts 1927, and awarded compensation for total disability therefor was entitled to compensation regardless of whether or not he returned to work in other employment (2 Comp. Laws 1915, § 5441, as amended by Act No. 41, Pub. Acts 1917).

3. Same — Review of Payments — Total Disability—Subsequent Agreement.

   On miner's petition for review of payments ordered under an award of maximum compensation of $14 a week, dated April 12, 1926, under which $1,885.33 was admitted to have been paid, defendant is ordered to pay balance of award up to 500 weeks notwithstanding agreement of parties, dated January 4, 1934, and approved a week later, whereby defendant agreed to pay at $14 a week during total disability after October 1, 1932 (2 Comp. Laws 1929, §§ 8425, 8427 [e]).

Appeal from Department of Labor and Industry. Submitted April 9, 1937. (Docket No. 42, Calendar No. 39,170.) Decided October 4, 1937.

Aldrich Gauthier presented his claim against the Ford Motor Company, a corporation, for compensation for injuries suffered while in defendant's employ. On petition for review of payments. Award to plaintiff. Defendant appeals. Modified and affirmed.

*Patrick H. O'Brien,* for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

POTTER, J.  Plaintiff, a miner, engaged in a skilled employment, was injured March 18, 1926, by a chunk of ore falling on his feet which bruised both legs, fractured the internal malleolus of the right ankle, caused the left ankle to swell, and fractured the left oscalcis or heel bone, and caused contusions of both feet.  It is admitted at the time he was injured he was receiving $6 a day.  No contention is made but that plaintiff's injuries were permanent and resulted in total disability.

April 12, 1926, an agreement in regard to compensation was entered into between plaintiff and defendant by which compensation at $14 a week was to be paid by defendant to plaintiff during total disability.  July 2, 1926, $210 was paid plaintiff by defendant and a final settlement receipt was signed by plaintiff, subject to the approval of the department of labor and industry.  The settlement receipt of July 2, 1926, was never approved by the department of labor and industry.  January 4, 1934, a supplemental agreement was entered into by defendant with plaintiff by which compensation was to be paid to plaintiff by defendant at $14 a week during total disability from and after October 1, 1932, which supplemental agreement was approved January 11, 1934.  October 24, 1935, a petition for review of payments was filed with the department of labor and industry.

The settlement receipt of July 2, 1926, was not binding, not having been approved by the department of labor and industry.  *Richards* v. *Rogers Boiler & Burner Co.,* 252 Mich. 52.  Plaintiff, having

been injured prior to the passage of Act No. 376, Pub. Acts 1927, was entitled to compensation for total disability regardless of whether or not he returned to work in other employment.* Among other things, the petition for review of payments alleged:

"That because of his continued and uninterrupted total incapacity to perform his former work as an experienced miner since his said injury on March 18, 1926, he is entitled to compensation for a total period of 500 weeks under 2 Comp. Laws 1929, § 8427 (e)."

December 28, 1935, a deputy commissioner of the department of labor and industry awarded plaintiff compensation in accordance with his claim, from which award an appeal was taken to the department of labor and industry which found the award of the deputy commissioner correct and affirmed such award, less the sum of $583.33 which it found had been paid by the defendant to the plaintiff. This amount, it is conceded by plaintiff, is erroneous and should have been $1,885.33. From this award, defendant appeals.

The proceeding here is an application for review of payments. It was not necessary for plaintiff to show any change in physical condition. The settlement receipt of July 2, 1926, was not approved. The agreement of April 12, 1926, continued in full force and effect. Though plaintiff was employed at other work for some time, no deduction could legally be made while plaintiff was so employed, he having been injured and his rights having accrued prior to the enactment of Act No. 376, Pub. Acts 1927.

---

* See 2 Comp. Laws 1915, § 5441, as amended by Act No. 41, Pub. Acts 1917.—REPORTER.

Defendant bases its right to avoid payment in part upon the agreement of January 4, 1934, approved January 11, 1934. By that agreement, defendant agreed to pay compensation at $14 a week during total disability. By the agreement of April 12, 1926, it was already bound to pay compensation at the rate of $14 during total disability. There was inserted in the agreement of January 4, 1934, a provision that compensation at $14 a week was to be paid after October 1, 1932. Nothing was said therein about the payment of compensation at $14 a week, or at any other rate, under the agreement of April 12, 1926, under which defendant was then liable to pay plaintiff compensation at $14 a week during the period of total disability, limited only by the statutory limitation of the payment of compensation to a period of 500 weeks.[*]

The award of the department of labor and industry will be modified to allow defendant credit for payments to the agreed amount of $1,885.33—in place of $583.33 as fixed by the order of the department of labor and industry. And as so modified, the award is affirmed, with costs.

FEAD, C. J. and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.

---

[*] See 2 Comp. Laws 1929, § 8425, providing that "in no case shall the period covered by such compensation be greater than five hundred weeks from date of the injury."—REPORTER.