HEBERT *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—SPLITTING CAUSES OF ACTION—COMMON LAW.

> Employee, injured twice while working for employer subject to workmen's compensation act, who sought compensation for respective injuries after latter injury had occurred *held*, not to have a cause of action against his employer to split, since proceedings under the workmen's compensation act have nothing to do with common-law actions for damages for negligence on part of the employer.

2. SAME—PURPOSE OF THE ACT.

> The workmen's compensation law aims at compensation, not damages, and is wholly substitutional in character and displaces the common-law liability for negligence.

3. SAME—ACTIONS AT LAW AND EQUITY.

> An employee under the workmen's compensation act has no action in law or equity against his employer.

4. SAME—NATURE OF PROCEEDING.

> Proceedings under the workmen's compensation act are purely statutory; administrative, not judicial; inquisitorial, not contentious; disposed of, not by litigation and ultimate judgment, but summarily.

5. SAME—SKILLED LABOR—TOTAL AND PERMANENT DISABILITY OF 1927.

> Under the workmen's compensation act as in force at time of accident on April 18, 1927, employee engaged in skilled labor who was totally and permanently disabled from performing labor of the kind and character in which he had been employed was entitled to compensation during continuance of such disability under the act as in force at time of injury and accrual of compensation (2 Comp. Laws 1915, § 5441, as amended by Act No. 41, Pub. Acts 1917 [2 Comp. Laws 1929, § 8426]).

6. SAME—1927 INJURY—INABILITY TO FOLLOW FORMER EMPLOY-
MENT.

The fact that an injured employee has received more wages since
his injury in April, 1927, than he was receiving at that time
would not preclude him from recovering compensation under
the act if it were established that he had since been unable,
by reason of his injury, to follow the particular employment
he was engaged in when injured (2 Comp. Laws 1915, § 5441,
as amended by Act No. 41, Pub. Acts 1917).

7. SAME—RES JUDICATA.

When a claim under the workmen's compensation act is sought
to be defeated on the ground of former adjudication of the
questions upon which it depends, it must appear that such
questions were litigated as a matter of fact, that they were
submitted to and decided by the trier of the facts and were
not collateral inquiries but were crucial questions in the former
controversy.

8. SAME—SUCCESSIVE INJURIES—SKILLED EMPLOYMENT—TOTAL DIS-
ABILITY.

Fact that in April, 1927, plaintiff, engaged in skilled employ-
ment, suffered an accidental injury which totally destroyed his
earning capacity in the employment in which he was then
working and for which he received compensation for total
disability for the maximum statutory period, did not prevent
him from recovering compensation for total disability arising
from an accident in another kind of employment in which he
was engaged under the act as it stood upon amendment be-
tween the time of the two injuries (2 Comp. Laws 1915, § 5441,
as amended by Act No. 41, Pub. Acts 1917, and Act. No. 376,
Pub. Acts 1927 [2 Comp. Laws 1929, § 8427]).

Appeal from Department of Labor and Industry.
Submitted June 9, 1938. (Docket No. 47, Calendar
No. 39,971.) Decided October 3, 1938.

Roy Hebert presented his claim against Ford Mo-
tor Company, employer, for compensation for in-
juries sustained while in defendant's employ. On
petition for review of payments. Award to plaintiff.
Defendant appeals. Affirmed.

*Ray Derham,* for plaintiff.

*E. C. Starkey* and *O. W. Johnson,* for defendant.

POTTER, J. April 18, 1927, plaintiff while employed by defendant suffered an accident arising out of and in the course of his employment. At that time he was employed as a resaw operator and it is conceded this was skilled labor. It was claimed he was permanently and totally disabled from continuing in the work in which he was employed. However, he returned to work for his employer in another employment; and after he returned to work he was again seriously injured July 1, 1930, and compensation was paid for this injury to August 2, 1930. January 8, 1933, plaintiff became totally disabled from performing any labor in any capacity and he filed two petitions with the department of labor and industry: (1) for the adjustment of his claim for the injury received in 1927; and (2) for further compensation for the injury suffered in 1930. When the matter came on for hearing, plaintiff elected to proceed on the basis of recovery of compensation for the accident of 1927. The department awarded compensation to plaintiff from January 8, 1933, the period from which it was contended he was totally disabled. No appeal was taken from that award. July 15, 1937, plaintiff applied for a review of payments for the accident suffered in 1930, and on the hearing of such application he was by the department awarded compensation as for total disability of $18 a week, and defendant appeals.

Defendant contends plaintiff has split his cause of action.

1. Obviously, plaintiff had no cause of action against his employer in the sense of the common law, or any amendment thereto, to split. Proceedings under the workmen's compensation act have nothing

to do with common-law actions for damages for negligence on the part of the employer. Its enactment marked the crystallization into a legislative enactment of the economic fact that the ultimate consumer pays for the compensation of injured employees in the increased cost of the product. It aims at compensation, not damages. It is wholly substitutional in character and displaces the common-law liability for negligence. It should be administered substantially as insurance of a social character. Claimant had no action in law or in equity against his employer. Proceedings under the workmen's compensation act are purely statutory,—administrative, not judicial, — inquisitorial, not contentious, — disposed of, not by litigation and ultimate judgment, but summarily. Most of the difficulties now encountered in the administration of the workmen's compensation act arise from injudicious attempts, sometimes acquiesced in, to engraft upon the workmen's compensation act common-law theories at variance with its spirit and intent. Plaintiff did not institute an action at law. He presented claims for compensation. He had no action against his employer and, therefore, no action to split.

2. Plaintiff suffered an accident in 1927 and such accidental injuries arising out of and in the course of his employment in a skilled occupation under the law as it was then in force entitled him to be compensated for total disability if he was permanently and totally incapacitated from continuing in the performance of his occupation, regardless of whether he had earning capacity which could be utilized in the performance of other work. If plaintiff was totally and permanently disabled from performing labor of the kind and character in which he was employed, which it is conceded was skilled labor, then so long as this condition existed plaintiff was en-

titled to be compensated under the act as in force at the time the injury occurred and his right to compensation accrued. This is not only apparent from the act itself, but has been repeatedly recognized by the decisions of this court. Section 10, part 2, of the act (2 Comp. Laws 1929, § 8426, Stat. Ann. § 17.160) provides for the payment of compensation; and section 11, part 2, of the original act provided (2 Comp. Laws 1915, § 5441, as amended by Act No. 41, Pub. Acts 1917):

"Weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee, computed according to the provisions of this section, as shall fairly represent *the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident,* the same to be fixed as of the time of the accident," et cetera.

This section came before the court in *Foley* v. *Railway,* 190 Mich. 507. It was said:

"The language of this last provision is plain, and has but one obvious meaning, designating as the test capacity to earn in the same employment in which the employee was injured. That under this rule instances may arise where it works inequitably, does not authorize the court to read exceptions into it or modify its plain language defining the basis for estimating incapacity, which at best can only be approximated. If the method ought to be changed or exceptional cases provided for, the remedy rests with the legislature."

In *Woodcock* v. *Dodge Brothers,* 213 Mich. 233 (17 A. L. R. 203), it was said:

"Of course, the fact that he received more wages since the injury would not preclude him from getting

additional compensation if it were also shown that he had since been unable, by reason of his injury, to follow the particular employment he was engaged in when injured," citing *Foley* v. *Railway*, 190 Mich. 507; *Jameson* v. *Walter S. Newhall Co.*, 200 Mich. 514 (18 N. C. C. A. 855); *Miller* v. *S. Fair & Sons*, 206 Mich. 360.

A substantially similar holding was made in *Myers* v. *Wadsworth Manfg. Co.*, 214 Mich. 636, and *Geis* v. *Packard Motor Car Co.*, 214 Mich. 646.

As late as *Gauthier* v. *Ford Motor Co.*, 281 Mich. 358, it was said:

"Plaintiff, having been injured prior to the passage of Act No. 376, Pub. Acts 1927, was entitled to compensation for total disability regardless of whether or not he returned to work in other employment."

3. After plaintiff suffered the injury of 1927 for which he was entitled to be, and was, compensated under the provisions of the act as it stood at the time he suffered the injury, the act was amended; and plaintiff resumed work for his employer in another and different capacity not involving the performance of skilled labor of the kind and character in which he was engaged when injured in 1927, and while so employed he was seriously, accidentally, and, it is claimed, permanently injured. He made a claim for compensation and was finally awarded compensation for total disability. There was ample evidence to sustain the award.

4. It is claimed the original award for total disability arising from the injury in 1927 is *res judicata,* that claimant was paid compensation for total disability for the maximum statutory period and, therefore, may not recover compensation for total disability arising from the injury suffered in 1930.

Though the injury suffered by the plaintiff in 1927 was of such a character as to entitle plaintiff to an award for total disability under the act, he was not in fact totally incapacitated from performing work of another kind and character in the performance of which he suffered the accidental injury in 1930. Conceding the doctrine of *res judicata* is applicable to claims under the workmen's compensation act, it is well settled that when a claim is sought to be defeated by showing a former adjudication of the questions upon which it depends, "in such case it must appear that such questions were litigated as a matter of fact; that they were submitted to and decided by the jury or court; and that they were not collateral inquiries, but were crucial questions in the other controversy." *Bond* v. *Markstrum,* 102 Mich. 11.

The finding and payment to claimant of compensation for the injury of 1927 was based upon the fact that his earning-capacity in the employment in which he was working at the time of the accident was totally destroyed, but it was not based upon the fact that claimant had no earning capacity at all. As to this, he was only partially disabled because under the admitted facts he again entered the employ of the defendant and while so employed was injured in 1930.

"One found to be partially disabled at one time is not precluded from showing he is totally disabled at a subsequent time even though he claimed total disability at the time the department found he was but partially disabled, and this for the reason that man's condition constantly changes." *Adams* v. *C. O. Barton Co.,* 274 Mich. 175.

The fact that in 1927 plaintiff, engaged in skilled employment, suffered an accidental injury which totally destroyed his earning capacity in the employ-

ment in which he was working at the time of the accident does not preclude him from recovering compensation for total disability arising from an accident in another kind of employment in which he was engaged under the act as it now stands.

Award of the department of labor and industry affirmed, with costs.

BUSHNELL, SHARPE, CHANDLER, NORTH, and MC-ALLISTER, JJ., concurred with POTTER, J. WIEST, C. J., concurred in the result. BUTZEL, J., took no part in this decision.