MILTON v OAKLAND COUNTY

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—STATUTES—EXCLUSIVE REMEDY PROVISION—APPLICABILITY.

The exclusive-remedy section of the Workmen's Compensation Act constitutes a bar to an employee's suit against his employer for industrial injuries falling within the purview of the act. (MCLA 418.131, 418.301).

2. WORKMEN'S COMPENSATION—STATUTES—EXCLUSIVE REMEDY PROVISION—APPLICABILITY—CONTRACTS—BREACH OF EMPLOYMENT CONTRACT.

A claim by an employee against his employer for physical and mental injuries and damages created by the employer's alleged breach of an employment contract and for violation of the governing merit system cannot be classified as a claim for industrial injuries within the meaning of the Workmen's Compensation Act and is not barred by the exclusive-remedy provision (MCLA 418.131, 418.301).

3. WORKMEN'S COMPENSATION—CONTRACTS—MULTIPLE RIGHTS—MULTIPLE ACTIONS.

The fact that a plaintiff, attempting to allocate his claims against an employer appropriately between a workmen's compensation action and a civil action for breach of his employment contract, sought the workmen's compensation remedy simultaneously with the civil remedy cannot destroy the separate identity of the contractual rights for which no compensation could be awarded in the workmen's compensation action or bar the civil action.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 64 *et seq.*
[2] 58 Am Jur, Workmen's Compensation §§ 193, 198, 250.
[3] 58 Am Jur, Workmen's Compensation § 407.
[4] 58 Am Jur, Workmen's Compensation § 302 *et seq.*

Concurrence in the Result by O'Hara, J.

4. Workmen's Compensation—Employment—Contracts—Damages
   —Unpaid Wages—Right to Trial.
   A plaintiff employee is entitled to a trial of the issue of damages
   accruing against an employer for unpaid wages, unpaid over-
   time, and other benefits clearly beyond the scope of the Work-
   men's Compensation Act even where the employee has also
   filed a claim for workmen's compensation benefits.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 February 7, 1973, at Lansing. (Docket No. 13550.) Decided October 31, 1973.

Complaint by Rodney Milton against Oakland County, the Oakland County Board of Auditors, the Personnel Appeal Board of Oakland County, and others for an order of superintending control to compel a hearing on allegations of rights to compensation for unpaid wages and overtime, and damages for violations of the merit system rules and wrongful discharge. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Kuhn & Scupholm* (by *Otis M. Underwood, Jr.),* for plaintiff on appeal.

*Robert P. Allen,* Civil Counsel, and *Hayward Whitlock, Armand P. Deatrick,* and *Jack C. Hays,* Assistants Civil Counsel, for defendants.

Before: Bronson, P. J., and Fitzgerald and O'Hara,* JJ.

Bronson, P. J. Rodney Milton, plaintiff, instituted suit against the County of Oakland, defend-

_____
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ant, for a violation of his employment rights secured by defendant's merit system. Defendant filed a motion for accelerated judgment upon the basis that plaintiff had filed a workmen's compensation claim which constituted his exclusive remedy. The trial judge granted defendant's motion, and plaintiff appeals as a matter of right.

Since the trial judge summarily disposed of this case, the only available facts are those which filtered through from the parties' briefs and lower court record. Although plaintiff's initiatory date of employment is contested, we find that he was promoted to the classification of Landscape Supervisor in 1968. Plaintiff contends that his immediate superior, the Superintendent of Lands and Grounds Division, was promoted and he assumed these duties. Plaintiff's request for recognition of his increased responsibilities or formal promotion was never acted upon by defendant. Based upon these events plaintiff alleges that he is entitled to either overtime for the additional hours he worked to satisfy these increased duties and responsibilities or back wages commensurate with the job classification he was performing. While defendant concedes that plaintiff was appointed Superintendent of Grounds, it denies that plaintiff's responsibilities concerned lands or that plaintiff performed the functions he claims.

The relationship between the parties subsequently deteriorated when plaintiff suffered muscular fatigue, fassiculation of the muscles of his arms and legs, and mental depression mixed with anxiety creating a nervous disorder. Plaintiff received medical treatment and was admittedly unable to work or perform his employment duties and responsibilities. In an attempt to recover for these disabilities, plaintiff filed a workmen's compensation claim. During this period of plaintiff's

absence from work, defendant deducted plaintiff's accumulated sick leave and annual leave. When plaintiff's leave was exhausted, defendant discharged him from its service.

On June 15, 1971, plaintiff challenged his discharge by filing an appeal with the Personnel Appeal Board. At the conclusion of the hearing, plaintiff's appeal was denied. Thereafter, plaintiff instituted suit in the Oakland County Circuit Court alleging (1) a right to compensation for the extra duties performed, (2) a violation of the merit system rules resulting from defendant's deduction of sick and annual leave time during his illness rather than granting him a leave of absence without pay as is customarily done, and (3) a wrongful discharge. Defendant responded by filing a motion for accelerated judgment upon the basis that plaintiff's workmen's compensation claim was his exclusive remedy. It is the circuit judge's approval of this motion that sets the stage for the present appeal.

We perceive the single significant issue raised for our consideration to be whether the Workmen's Compensation Act provides the exclusive remedy for plaintiff's alleged damages. We answer this question in the negative, believing that the haste with which summary disposition was sought obscured the purpose and scope of the Workmen's Compensation Act.

The exclusive-remedy section of the current Workmen's Compensation Act adopted verbatim the language of its predecessor[1] during the 1969 reenactment as follows:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits as

[1] MCLA 411.4; MSA 17.144.

provided in this act shall be the exclusive remedy against the employer." MCLA 418.131; MSA 17.237(131).

Since the act constitutes the exclusive remedy where the conditions of liability exist, section 301 appropriately controls the attachment of liability with the following provision:

"An employee, who receives a *personal injury* arising out of and in the course of his employment * * * ."[2] MCLA 418.301; MSA 17.237(301). (Emphasis added.)

Moreover, § 141 evidences the quid pro quo of the act by the abolition of the defenses available to an employer in exchange for the elimination of the employee's common-law tort action against the employer. *Cf. Hebert v Ford Motor Co,* 285 Mich 607; 281 NW 374 (1938).

Little more than a cursory review of these elemental sections of the act are necessary to reach the conclusion that the exclusive-remedy section constitutes a bar to an employee's suit against his employer for industrial injuries falling within the purview of the act. In *Sheppard v Michigan National Bank,* 348 Mich 577; 83 NW2d 614 (1957), the Court articulated the purpose of the act as providing a method of compensating workmen for industrial injuries upon the basis of trade risks relating to the industry and charged as a part of the cost to it. Similarly, the Court in *Crilly v Ballou,* 353 Mich 303, 308; 91 NW2d 493, 496 (1958), stated:

"The consuming public, not charity, public or private, must foot the bill for *work-incurred injuries.*" (Emphasis added.)

---

[2] This language was likewise adopted from its predecessor without change. *See* MCLA 412.1; MSA 17.151.

Thus, we are struck with the obvious that the Workmen's Compensation Act is designed to compensate physical[3] and mental[4] work-related injuries.

A review of plaintiff's various claims in his civil suit against defendant reveal a combination of physical or mental injuries and damages created by defendant's alleged breach of the employment contract for violation of the governing merit system. It is beyond question that plaintiff's claims falling within this latter category, if proved, cannot be classified as industrial injuries within the meaning of the Workmen's Compensation Act. While plaintiff's alleged injuries for muscle fatigue and mental depression fall within the act as his exclusive remedy, plaintiff has a right to judicial review of his claims for additional compensation, improper discharge, and violation of the merit-system rules. The distinction between compensation for industrial injuries and damages arising from the employment relationship which are contractual in nature is undeniable.

Our courts have found the exclusive-remedy bar inapplicable when the challenged injury is not sustained in the course of the employment or the injury is not compensable under the act. *Crawley v General Motors Truck Corp,* 259 Mich 503; 244 NW 143 (1932); *Byrne v Clark Equipment Co,* 302 Mich 167; 4 NW2d 509 (1942); and *Moore v Federal Department Stores, Inc,* 33 Mich App 556; 190 NW2d 262 (1971); *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971). Similarly, the exclusive-remedy bar is inapplicable to damages founded in contract. Plaintiff

---

[3] *Marman v Detroit Edison Co,* 268 Mich 166; 255 NW 750 (1934).

[4] *Carter v General Motors Corp,* 361 Mich 577; 106 NW2d 105 (1960).

attempted to allocate his claims appropriately be-
tween his workmen's compensation action and
civil action. The mere fact that the compensation
remedy was sought simultaneously cannot destroy
the separate identity of his contractual rights for
which no compensation could be awarded. Plain-
tiff's damage claims fell outside the purview of the
apparent scope of the act. Accordingly, the entry
of the accelerated judgment is vacated and the
case remanded for a trial.

Reversed and remanded. Costs to plaintiff.

FITZGERALD, J., concurred.

O'HARA, J. *(concurring in result).* There seems to
be an unbridgeable gap between what the trial
judge was deciding in this case (or at least what he
considered he was deciding) and the issues raised
on this appeal. Witness the following colloquy
between the court and plaintiff's counsel.

"*Mr. Leib [plaintiff's counsel]:* We haven't asked for
one bit of relief in this lawsuit that he could receive
through Workmen's Compensation.

"*The Court:* Forget about that. That isn't the issue.
You're bound on your Workmen's Compensation recov-
ery whatever the statute gives you. We are not con-
cerned with that. We are not trying any Workmen's
Compensation cases. We are concerned with the issue
as to what's wrong with Oakland County terminating, if
you don't like the word 'fired', the services of any
employee who can't perform their function.

"*Mr. Leib:* It's not only a question of terminating the
employment, your Honor. It's the manner in which it
was terminated.

"*The Court: You have agreed that they have a right
to terminate if he can't perform the function?*

"*Mr. Leib: No, I can't agree with that.*

"*The Court:* It's inconceivable. It would mean some-
one could collect Workmen's Compensation, and, also,

collect full County pay and do nothing. Now, do you know of any authority in any of the 50 states of the union that would take that position?

*"Mr. Leib:* Your Honor.

*"The Court:* Mr. Leib, have you got any authority on that proposition?

*"Mr. Leib:* No; none, your Honor.

*"The Court:* How much time do you want to get it?

*"Mr. Leib:* The question whether or not a man can be terminated because of illness, for that reason alone?

*"The Court:* No. You have already conceded he can't perform the function.

*"Mr. Leib:* I'm not saying that now, I'm saying at the time his employment was terminated he could not work: That's true.

*"The Court:* He could not work.

*"Mr. Leib:* That's correct; because of illness.

*"The Court:* All right. Because of illness. And so, it's your position that they cannot terminate a person in their employment because of illness if they cannot perform their function?" (Emphasis supplied.)

To say the least the court and counsel were not communicating. I don't know whose fault that was, and it does not affect the issue here as I understand it.

Insofar as the complaint alleges that plaintiff is entitled to damages against the employer for unpaid wages, unpaid overtime, and other benefits clearly beyond the scope of Workmen's Compensation Act benefits he is entitled to his proverbial day in court. To this extent I am in full accord with Judge BRONSON. Hence, I join in voting to vacate the order granting accelerated judgment. As to the employer's right to terminate plaintiff's employment because of his inability to perform the services required by his position I agree with the trial judge. I would remand for further proceedings and suggest an additional pretrial conference,

in order to delineate the issues as between the scope of review of the employer's right to terminate plaintiff's employment and plaintiff's right to present his proofs in support of his claim for money damages.