COLE v DOW CHEMICAL COMPANY

WACKERLY v DOW CHEMICAL COMPANY

Docket Nos. 54369, 54370. Submitted October 8, 1981, at Lansing.— Decided January 5, 1982. Leave to appeal applied for.

Jeffrie C. Cole and his wife, Judith A. Cole, and John Wackerly, Jr., brought separate complaints against Dow Chemical Company in Midland Circuit Court alleging that Jeffrie Cole and John Wackerly, during their employment with Dow, were exposed to a chemical that rendered them sterile. Plaintiffs alleged that this was a violation of their right of privacy in that it deprived them of the right to make decisions regarding procreation, contraception and family relationships. They also alleged that the sterility constituted a loss of a bodily function. The complaints were heard together and the court, David S. DeWitt, J., granted summary judgment on both complaints in favor of Dow for plaintiffs' failure to state a claim upon which relief can be granted on the basis that the plaintiffs' exclusive remedy was under the Worker's Disability Compensation Act. Plaintiffs appealed and the appeals were consolidated. *Held:*

1. Because the right of privacy is grounded on the Fourteenth Amendment, the plaintiffs are required to demonstrate some form of state action in order to prevail in an action alleging a violation of the right of privacy. The plaintiffs here have not demonstrated any state action upon which to base their claims. While the plaintiffs argue that the Worker's Disability Compensation Act provides the necessary state action, they have not shown a sufficient nexus between the state's enforcement of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 230 *et seq.*
[2] 62 Am Jur 2d, Privacy §§ 43, 44.
[2-4] 16A Am Jur 2d, Constitutional Law §§ 742, 743.
    State or Municipal liability for invasion of privacy. 87 ALR3d 145.
[3] 16A Am Jur 2d, Constitutional Law § 424 *et seq.*
[5] 81 Am Jur 2d, Workmen's Compensation § 50.
[6] 81 Am Jur 2d, Workmen's Compensation § 61.
[7] 82 Am Jur 2d, Workmen's Compensation § 289.

act and the actions of Dow to treat Dow's actions as those of the state.

2. The plaintiffs allege that their actions are not barred by the exclusive remedy provisions of the Worker's Disability Compensation Act because the injuries they suffered are not compensable under the act. However, the actions are barred by the exclusive remedy provisions of the act because the actions are based upon the plaintiffs' physical injury which arose out of and in the course of their employment.

3. Judith Cole's claim of a violation of her right of privacy, based upon her husband's injury, was properly dismissed because she may not maintain a separate action against her husband's employer for her husband's injuries suffered in the course of his employment and subject to the exclusive remedy provision of the Worker's Disability Compensation Act.

Affirmed.

J. J. KELLEY, J., dissented from the majority's holding relative to the Worker's Disability Compensation Act. He would hold that the Legislature did not intend plaintiffs' sterility, if brought about as they allege, to be a "personal injury" or "disability" as those terms are used in the Worker's Disability Compensation Act. He would reverse.

OPINION OF THE COURT

1. JUDGMENTS — SUMMARY JUDGMENT.

A motion for summary judgment based on the failure to state a claim upon which relief can be granted challenges the legal sufficiency of the complaint and is to be tested on the pleadings alone; accepting all well-pled allegations as true, it must be determined whether those claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. PLEADING — RIGHT OF PRIVACY — STATE ACTION.

A plaintiff whose claim is grounded upon a denial of his right of privacy under the Fourteenth Amendment must demonstrate some form of state action (US Const, Am XIV).

3. CONSTITUTIONAL LAW — STATE ACTION — REGULATION OF BUSINESS.

The mere fact that a business is subject to government regulation does not, by itself, convert the actions of the business into those of the state for purposes of the Fourteenth Amendment; the inquiry is whether there is a sufficiently close nexus between the state and the actions of the regulated business so that those

actions may be treated as those of the state (US Const, Am XIV).

4. STATE — STATE ACTION — ACQUIESCENCE IN PRIVATE ACTION.

The state's mere acquiescence in a private action does not convert that action into that of the state pursuant to the Fourteenth Amendment (US Const, Am XIV).

5. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — COMPENSABLE INJURIES.

The Worker's Disability Compensation Act bars any common-law tort cause of action by an employee against his employer where the employee suffers a compensable injury; however, an employee may bring an action against his employer for injuries which arise out of his employment but are not covered by the act (MCL 418.131; MSA 17.237[131]).

6. WORKERS' COMPENSATION — CLAIM OF SPOUSE.

A wife is not permitted to maintain a separate action against her husband's employer for personal injuries suffered by her husband during his employment where his sole remedy is under the Worker's Disability Compensation Act.

DISSENT BY J. J. KELLEY, J.

7. WORKERS' COMPENSATION — PERSONAL INJURY — DISABILITY — STERILITY.

*The deprivation of an employee's ability to procreate, accomplished by the employer's knowing exposure of the employee to toxic substances which render the employee sterile, is not a personal injury or disability subject to the Worker's Disability Compensation Act.*

*Kasoff, Young, Gottesman, Kovinsky, Friedman & Walken, P.C.*, for plaintiffs.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Edward D. Plato*), for defendant.

Before: ALLEN, P.J., and M. J. KELLY and J. J. KELLEY,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

M. J. KELLY, J. Plaintiffs, Jeffrie and Judith Cole and John Wackerly, appeal a trial court's grant of summary judgment, GCR 1963, 117.2(1), in favor of defendant Dow Chemical Company.

Plaintiffs filed two separate complaints on May 1, 1980. In their complaints, Jeffrie Cole and John Wackerly alleged that they were exposed to the chemical 1, 2 dibromo 3 chloropropane while working for defendant. Plaintiffs alleged defendant knew that exposure to the chemical could result in sterility. Count I of plaintiffs' complaints alleged that Jeffrie Cole and John Wackerly did become sterile in violation of their constitutional right of privacy by depriving them of the right to make decisions relating to procreation, contraception and family relationships. Judith Cole also alleged that defendant's action caused her to lose those same rights because of her husband's sterility. Count II of plaintiffs' complaints alleged that Jeffrie Cole and John Wackerly suffered a loss of a bodily function when they became sterile.

On June 24, 1980, defendant moved for summary judgment on both complaints alleging plaintiffs' failure to state a claim. Dow Chemical argued that plaintiffs' exclusive remedy was the Worker's Disability Compensation Act (act), MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.* After a hearing on September 19, 1980, the trial court granted defendant's motion. Plaintiffs appeal as of right, GCR 1963, 806.1, and the appeals have been consolidated.

I

GCR 1963, 117.2(1) entitles the movant to summary judgment in its favor when the opposing party has failed to state a claim upon which relief can be granted. A motion based on GCR 1963,

117.2(1) challenges the legal sufficiency of the complaint and is tested on the pleadings alone. It is the duty of the reviewing court to accept as true well-pleaded facts in the complaint and to determine whether those claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Duhame v Kaiser Engineering, Inc,* 102 Mich App 68, 71; 300 NW2d 737 (1980).

The Fourteenth Amendment to the constitution guarantees a right of privacy extending to decisions concerning marriage, family relationships and procreation. *Eisenstadt v Baird,* 405 US 438, 453; 92 S Ct 1029; 31 L Ed 2d 349 (1972), *Griswold v Connecticut,* 381 US 479, 485; 85 S Ct 1678; 14 L Ed 2d 510 (1965). In *Carey v Population Services International,* 431 US 678, 685; 97 S Ct 2010; 52 L Ed 2d 675 (1977), the Court, explaining the right of privacy, stated:

"The decision whether or not to beget or bear a child is at the very heart of this cluster of constitutionally protected choices. That decision holds a particularly important place in the history of the right of privacy, a right first explicitly recognized in an opinion holding unconstitutional a statute prohibiting the use of contraceptives, *Griswold v Connecticut, supra,* and most prominently vindicated in recent years in the contexts of contraception, *Griswold v Connecticut, supra; Eisenstadt v Baird, supra;* and abortion, *Roe v Wade, supra; Doe v Bolton,* 410 US 179 [93 S Ct 739; 35 L Ed 2d 201] (1973); *Planned Parenthood of Central Missouri v Danforth,* 428 US 52 [96 S Ct 2831; 49 L Ed 2d 788] (1976). This is understandable, for in a field that by defintion concerns the most intimate of human activities and relationships, decisions whether to accomplish or to prevent conception are among the most private and sensitive. 'If the right of privacy means anything, it is the right of the individual, married or single, to be free

of unwarranted governmental intrusion into matters so fundamentally affecting a person as the decision whether to bear or beget a child.' *Eisenstadt v Baird, supra,* 438, 453 [92 S Ct 1029; 31 L Ed 2d 349]. (Emphasis omitted.)"

These cases forbid the state from interfering with an individual's decision concerning procreation. However, since the right of privacy is grounded on the Fourteenth Amendment, the plaintiffs are required to demonstrate some form of "state action". *Civil Rights Cases,* 109 US 3, 11; 3 S Ct 18; 27 L Ed 835 (1883).

"State action" is not easily defined. The mere fact that a business is subject to government regulation does not by itself convert its action into that of the state for purposes of the Fourteenth Amendment. *Jackson v Metropolitan Edison Co,* 419 US 345, 350; 95 S Ct 449; 42 L Ed 2d 477 (1974). Rather, the inquiry must focus on whether there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the business entity may be fairly treated as that of the state itself. *Id.*

Plaintiffs' complaints do allege a violation of their Fourteenth Amendment right of privacy. According to plaintiffs, Dow Chemical exposed them to inhalation of 1, 2 dibromo 3 chloropropane which caused Jeffrie Cole's and John Wackerly's sterility. This action did interfere with plaintiffs' right to make decisions in the area of procreation and family matters.

However, plaintiffs' complaints fail because there is no "state action" upon which to base their claims. While plaintiffs argue that the Worker's Disability Compensation Act provides the state action, they fail to demonstrate a sufficient nexus between the state's enforcement of the act and the

challenged action of Dow Chemical. The act did not affect Dow Chemical's decision to have its employees work with the chemical which caused plaintiffs' sterility. The state's mere acquiescence in a private action does not convert that action into that of the state. *Flagg Brothers, Inc v Brooks,* 436 US 149, 164; 98 S Ct 1729; 56 L Ed 2d 185 (1978). Plaintiffs' complaints fail to state a cause of action based on the alleged violation of their right of privacy because they have failed to demonstrate any state action. The trial court did not err when it awarded summary judgment to defendant on Count I of plaintiffs' complaints.

II

Plaintiffs also allege that the trial court erred when it granted summary judgment because the Worker's Disability Compensation Act does not bar their actions. According to plaintiffs, the act's exclusive remedy provision, MCL 418.131; MSA 17.237(131), does not prevent their actions because their suits are based upon injuries not compensable under the act.

Where a worker sustains a compensable injury, the Worker's Disability Compensation Act bars any common-law tort cause of action by the employee against his employer. MCL 418.131; MSA 17.237(131). An injury which is "a personal injury arising out of and in the course of [an injured party's] employment" is compensable under the act. MCL 418.301; MSA 17.237(301), *Sewell v Bathey Manufacturing Co,* 103 Mich App 732, 736; 303 NW2d 876 (1981). Personal injuries for which the act provides a remedy include both physical and mental injuries suffered on account of employment. *Id.*

Plaintiffs, however, claim that their injuries are not compensable under the act. This Court has recognized that an employee may bring an action against his employer for injuries which arise out of his employment but are not covered by the act. In *Moore v Federal Dep't Stores, Inc,* 33 Mich App 556; 190 NW2d 262 (1971), *lv den* 385 Mich 784 (1971), plaintiff sued her employer for false imprisonment. Her employer moved for summary judgment claiming that workers' compensation was plaintiff's sole remedy. The trial judge granted the summary judgment and plaintiff appealed. This Court found that plaintiff's action was based on her unlawful detention and not on any physical or mental injury. *Id.,* 559. Because the act was not meant to cover an employee's unlawful detention, this Court reversed the summary judgment. *Id.,* 560.

Similar results have been reached in other decisions of this Court. *Kissinger v Mannor,* 92 Mich App 572, 577; 285 NW2d 214 (1979) (an intentional tort committed by a co-employee which did not result in physical injury was not covered by the act), *Broaddus v Ferndale Fastener Division, Ring Screw Works,* 84 Mich App 593, 600; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978) (an employee was entitled to maintain a suit against his employer and his employer's workers' compensation carrier for intentional and wrongful termination of compensation benefits), *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361, 369; 258 NW2d 227 (1977) (the act's exclusive remedy clause does not bar an employee's action for sexual discrimination), *Milton v Oakland County,* 50 Mich App 279, 284; 213 NW2d 250 (1973) (a plaintiff's action for wrongful discharge is not barred by the act's exclusive remedy provision). In all these

cases, this Court allowed the plaintiffs causes of action for injuries other than physical or mental injuries. Where a plaintiff alleges both a physical or mental injury and some injury not within the scope of the act, we have required that plaintiff to pursue his workers' compensation remedy for those injuries covered by the act. *Stimson, supra,* 369, *Milton, supra,* 284.

Plaintiffs allege that their sterility was caused by exposure to 1, 2 dibromo 3 chloropropane while working for Dow Chemical. Their sterility is a physical impairment arising out of and in the course of their employment. On appeal, plaintiffs argue that their action is not based upon their physical injuries but upon Dow Chemical's violation of their constitutional right of privacy. They claim damages for "emotional hardship" as opposed to physical injury. We find that plaintiffs' actions are based upon their physical injury, that any emotional hardship is derived from the physical impairment and that the actions are barred by the exclusive remedy provision of the Worker's Disability Compensation Act. As discussed earlier in this opinion, plaintiffs' constitutional argument fails because they are unable to establish that the enforcement of the act is any type of state action. The trial court did not err when it granted defendant's motion for summary judgment.

### III

Plaintiff Judith Cole also appeals the dismissal of her action. As we have discussed earlier, her husband's sole remedy lies with the Worker's Disability Compensation Act. A wife is not permitted to maintain a separate action against her husband's employer for personal injuries sustained by

her husband during his employment. *Moran v Nafi Corp*, 370 Mich 536, 543; 122 NW2d 800 (1963). Because her husband's sole remedy was workers' compensation benefits, Mrs. Cole failed to state a cause of action which could survive defendant's motion for summary judgment.

.The trial court did not err when it dismissed plaintiffs' actions for failure to state a cause of action.

Affirmed.

ALLEN, P.J., concurred.

J. J. KELLEY, J. *(dissenting)*. As to Count II of plaintiffs' complaints I dissent.

Hearing a motion for summary judgment, the court assumes as true the plaintiff's factual allegations as well as conclusions reasonably drawn therefrom. Each plaintiff alleges: while employed by defendant he was exposed to a toxic substance; defendant knew that such exposure could result in sterility; defendant did not warn plaintiff of this hazard; as the result of such exposure plaintiff became sterile.

The right to procreate is basic. Procreation constitutes a fundamental human experience. The Legislature could not possibly have intended to include deprivation of an employee's ability to procreate, accomplished in the insidious manner alleged in this case, as a personal injury or disability subject to the Worker's Disability Compensation Act. "Personal injury" and "disability" as used in the act connote inability to perform labor, not inability to procreate. Sterility, in and of itself, is not compensable under the act.

Defendant's alleged actions fall into the same category which had led this Court to allow the

employees' causes of action in *Moore v Federal Dep't Stores, Inc,* 33 Mich App 556; 190 NW2d 262 (1971), *Kissinger v Mannor,* 92 Mich App 572; 285 NW2d 214 (1979), *Broaddus v Ferndale Fastener Division, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977), and *Milton v Oakland County,* 50 Mich App 279; 213 NW2d 250 (1973), cited by the majority.

Plaintiffs should have their day in court.