PEOPLE v FARROW

Docket No. 110825. Submitted December 14, 1989, at Grand Rapids.
Decided April 17, 1990. Leave to appeal denied, 435 Mich —.

Donald Leon Farrow, an employee of Kellogg Company, sought
counseling from Occupational Health Centers of America, Inc.,
(OHC) regarding a homosexual relationship he had had with a
minor. The counseling service was provided by Kellogg through
its "Employee Assistance Program" for its employees. OHC
would counsel Kellogg employees experiencing personal prob-
lems and refer the employees to appropriate outside counselors
and therapists when necessary. All counseling services were
supposed to be absolutely confidential. Farrow contacted OHC
several times to inquire about confidentiality before making his
first appointment for counseling. Each time he was assured of
the strictest confidentiality. When he told the counselor about
his relationship with the minor, the counselor contacted her
supervisor, who suggested Farrow needed psychiatric treat-
ment. With Farrow's permission, a psychiatrist was called and,
upon being informed of the situation, advised the counselor
that Farrow's relationship with the minor would have to be
reported to the Department of Social Services. The DSS was
informed of the situation. It, in turn, notified the police. As a
result, Farrow was charged with three counts of first-degree
criminal sexual conduct in Kalamazoo Circuit Court. The court,
William G. Schma, J., dismissed the charges against defendant
on the grounds that prosecution of defendant under these facts
would frustrate the purpose of the Child Protection Law in that
it would deter persons situated similarly to defendant from
reporting family situations such as that of the minor and that
prosecution of the defendant under these facts violated due
process guarantees. The people appealed.

The Court of Appeals held:

The trial court correctly found that state action was involved

REFERENCES

Am Jur 2d, Constitutional Law § 826; Infants § 16; Physicians,
Surgeons, and Other Healers §§ 136, 172, 173.

See the Index to Annotations under Abuse of Persons; Children;
Due Process; Privileged and Confidential Matters; Psychiatry and
Psychology.

in the reporting of the relationship to the DSS and the police. Thus, there was a sufficiently close nexus between the state and the challenged action to raise a due process argument. The prosecution's argument that there was no state action involved is rejected, and because the prosecution has not challenged the trial court's due process analysis premised on the generalized idea of fair play, the court's findings will not be reviewed.

Affirmed.

1. CONSTITUTIONAL LAW — DUE PROCESS — STATE ACTION.
No person may be deprived of life, liberty or property by the state without due process of law; to raise a due process argument, there must be a sufficiently close nexus between the state and the challenged action so that the acts may be fairly treated as those of the state itself (US Const, Am V; Const 1963, art 1, § 17).

2. CONSTITUTIONAL LAW — DUE PROCESS — STATE ACTION.
A state is responsible for the act of a private party when the state, by its law, compels the act.

3. CONSTITUTIONAL LAW — DUE PROCESS — STATE ACTION.
The reporting of a homosexual relationship between an adult and a minor by a private counselor with a degree in social work to the Department of Social Services after assurances of confidentiality were made to the adult, who sought counseling because of the relationship, and the subsequent reporting of the relationship by the DSS to the police constitute a sufficiently close nexus between the state and the challenged acts so that the acts may be fairly treated as those of the state itself for purposes of raising the issue of denial of due process where the reporting of the relationship by the counselor and the DSS was mandated by law (MCL 722.623[1]; MSA 25.248[3][1]).

*Frank J. Kelley,* Attorney General, *James J. Gregart,* Prosecuting Attorney, and *Karen M. Hayter,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Hirsch,* for defendant on appeal.

Before: DANHOF, C.J., and MAHER and HOOD, JJ.

PER CURIAM. The prosecution appeals as of right from a Kalamazoo Circuit Court order dismissing three counts of first-degree criminal sexual con-

duct, MCL 750.520b; MSA 28.788(2), against defendant. We affirm.

Defendant is a twenty-seven-year-old associate engineer employed by Kellogg Company of Battle Creek, Michigan. Kellogg provides an "Employee Assistance Program" for its employees. According to company brochures, the program is designed to help company employees who are experiencing personal problems that may be affecting their work performance. Kellogg subcontracts with Occupational Health Centers of America, Inc., (OHC) of Battle Creek to provide the counseling services and to refer clients to appropriate outside counselors and therapists when necessary. The brochures stress that all counseling services are "absolutely confidential" and that job security would not be affected by use of the program.

Defendant testified that he sought help at OHC because he needed counseling regarding a homosexual relationship he had had with a fourteen-year-old former neighbor in Battle Creek. Defendant had moved to Kalamazoo and ended the relationship 2½ months before his appointment at OHC. Defendant also said that he sought counseling because he was concerned about the youth's welfare and about the environment in which the youth lived. Defendant claimed that the youth was subject to incestuous relationships with various members of the youth's family.

Defendant testified that he was quite concerned about confidentiality before he made his appointment at OHC. He claimed he called OHC several times to inquire about confidentiality before he made the appointment and even cancelled his first appointment because of his fears on that subject. Despite receiving assurances that the counseling would be confidential, defendant was still concerned because, when he arrived for his appoint-

ment, he asked the secretary twice about it and was assured each time that everything would be kept confidential. When he met with Peggy Jozwiak, the counselor at OHC to whom he was assigned, he again asked and was again reassured that everything would be kept confidential.

During his session with Jozwiak, defendant told her that he had met someone that he cared for and showed her pictures of the youth. Jozwiak testified that, at that point, there was no talk of any sexual involvement, but when she saw the pictures, she realized that defendant was talking about an adolescent boy. Jozwiak thought the relationship unhealthy and "not normal." Jozwiak immediately contacted her supervisor, who advised her that defendant should be in treatment. When defendant said that he would be willing to get treatment, Jozwiak called Dr. Brown, a Battle Creek psychiatrist, to set up an appointment. Jozwiak told Dr. Brown of defendant's situation and Dr. Brown advised her that it would have to be reported to the Department of Social Services either by Jozwiak or by him when defendant came for the appointment.

When Jozwiak told defendant this, he got very angry and distressed. She told defendant that she thought it would be best if he called the DSS and reported the situation himself, but that, whether he did or not, the DSS would be contacted.

Jozwiak's supervisor then called the DSS and gave the telephone to defendant. Defendant talked to Dorothy McClendon, an intake worker. Defendant told McClendon about the youth's family situation and he also told her that there had been oral sex between himself and the youth. In response, McClendon told defendant that she would have to inform the police about his involvement.

A felony complaint charging defendant with

three counts of first-degree criminal sexual conduct was subsequently filed. Defendant moved to dismiss, alleging that confidential information had been illegally disclosed and that the use of that information against him violated public policy and due process of law.

The trial court dismissed the charges against defendant on two grounds. First, the court determined that prosecution of defendant under these facts would frustrate the purpose of the Child Protection Law, MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.*, because it would deter persons situated similarly to defendant from reporting family situations such as that of the youth. Furthermore, because defendant's attempt to get counseling resulted in the youth's removal from an unhealthy home environment, the purpose of the Child Protection Law had been accomplished.

Second, the court held that the prosecution of defendant under these facts violated due process guarantees. The court did not employ a conventional due process analysis in reaching that conclusion. That is, the court did not find that there were procedural defects or that prosecution was arbitrary or unreasonable. Rather, the court relied on the basic fundamental fairness policy which provides the foundation for the requirements of due process and determined that, under these facts, it was unfair to prosecute defendant.

On appeal, the prosecution claims that the trial court erred in dismissing the charges on due process grounds where no state action was present. The prosecution argues that due process requirements apply only to state action and that neither Jozwiak nor McClendon were agents of the police, but rather, that they acted as "private citizens." We disagree.

Provisions of the Constitutions of the United

States and the State of Michigan expressly provide that no person may be deprived of life, liberty or property without due process of law. US Const, Am V; Const 1963, art 1, § 17. The test to be applied in every case wherein a denial of due process is brought into question depends on the established facts in the case. *People v Coates,* 337 Mich 56, 76; 59 NW2d 83 (1953). To raise a due process argument, there must be a sufficiently close nexus between the state and the challenged action so that the acts may be fairly treated as those of the state itself. *Jackson v Metropolitan Edison Co,* 419 US 345, 351; 95 S Ct 449; 42 L Ed 2d 477 (1974); *Cole v Dow Chemical Co,* 112 Mich App 198, 203; 315 NW2d 565 (1982).

Section 3(1) of the Child Protection Law, MCL 722.623(1); MSA 25.248(3)(1), as it existed at the time applicable herein, provided in pertinent part:

> A physician, coroner, dentist, medical examiner, nurse, a person licensed to provide emergency medical care, audiologist, psychologist, family therapist, certified social worker, social worker, social work technician, school administrator, school counselor or teacher, law enforcement officer, or duly regulated child care provider who has reasonable cause to suspect child abuse or neglect immediately, by telephone or otherwise, shall make an oral report, or cause an oral report to be made, of the suspected child abuse or neglect to the department.

In this case, Jozwiak testified that she has a degree in social work and does diagnostic assessments at OHC for purposes of referral. As such, she is required to report when she has reasonable cause to suspect child abuse. Child abuse is defined as sexual abuse which, in turn, is defined as engaging in sexual contact. MCL 722.622(c) and (e); MSA

25.248(2)(c) and (e). Here, defendant told Jozwiak of his relationship with the youth and, although defendant did not make a specific mention of sexual contact at the time, Jozwiak believed that such was intimated and, therefore, she had reasonable cause to suspect child abuse. Under § 3(1) of the Child Protection Law, she was compelled to report her suspicion to the DSS. The fact that it was defendant who actually talked to McClendon at the DSS is of little import in this case, because Jozwiak had told defendant that the report would be made regardless of whether it was made by him or by her.

McClendon, too, was compelled by statute to report what defendant had told her. At the time applicable herein, MCL 722.623(6); MSA 25.248(3) (6) provided in pertinent part:

> If the report indicates a violation of [the statute governing the accosting, enticing or soliciting a child for immoral purposes] and the department believes that the report has basis in fact, the department shall transmit a copy of the written report to the prosecuting attorney of the counties in which the child resides and is found.

Because defendant admitted to McClendon that he had engaged in oral sex with the youth, McClendon was compelled to report it.

In *Adickes v S H Kress & Co*, 398 US 144, 170; 90 S Ct 1598; 26 L Ed 2d 142 (1970), the United States Supreme Court held that a state is responsible for the act of a private party when the state, by its law, compels the act. The Supreme Court added: " 'When the state has commanded a particular result, it has saved to itself the power to determine that result and thereby "to a significant extent" has "become involved" in it.' " *Id.* at 170,

quoting *Peterson v City of Greenville,* 373 US 244, 248; 83 S Ct 1119; 10 L Ed 2d 323 (1963).

In this case, as discussed above, Jozwiak and McClendon were compelled by the Child Protection Law to report the incident. Under *Adickes,* it is therefore apparent that a mandatory provision of the statute provides the requisite state action in this case. Accordingly, we hold that the trial court correctly found that state action was involved with regard to Jozwiak. McClendon, as an employee of the DSS, a branch of state government, was acting in her official capacity. There can be no question that her actions constituted state involvement.

We do not find the prosecution's argument of no state action persuasive. Furthermore, the prosecution does not challenge the trial court's due process analysis premised on the generalized idea of fair play. Accordingly, we decline to review such findings.

The prosecution next claims that the lower court, in dismissing the charges against defendant, erroneously ruled that the state had deprived defendant of his due process rights by compelling Jozwiak, a professional therapist, to report defendant's behavior. However, based on our review of the record, this is a misstatement of the lower court's ruling. While defendant asserted below that his prosecution was a violation of statutorily guaranteed rights to confidentiality, and the lower court recognized defendant's assertion, the court's decision to dismiss the charges was not based on any findings supporting defendant's assertion. Rather, the court's decision was based on public policy considerations involving notions of fair play and the purpose of the Child Protection Law. Thus, the trial court's concern was not with whether Jozwiak or McClendon were required to report what defendant had told them. The prosecu-

tion does not challenge the trial court's public policy findings. The prosecution has not persuaded us that the trial court's decision ought to be reversed. Accordingly, under the circumstances of this case, we affirm.

Affirmed.

HOOD, J., concurs in the result only.