PEOPLE v MINEAU

Docket No. 133228. Submitted January 15, 1992, at Grand Rapids.
Decided February 27, 1992; approved for publication May 14,
1992, at 9:15 A.M. Leave to appeal sought.

Michael K. Mineau was charged in the Delta Circuit Court with
second-degree criminal sexual conduct after a counseling
agency made a report under the Child Protection Law to the
Department of Social Services of suspected child abuse. The
defendant had initiated counseling and received assurances
from the counseling agency that his disclosures would remain
confidential. The court, Dean J. Shipman, J., dismissed the
charge, ruling that prosecution of the defendant would be
unfair and would violate his right to due process of law. The
prosecution appealed.

The Court of Appeals *held:*

Fundamental fairness does not require that a person who
initiates counseling and receives false assurances of confiden-
tiality be granted complete immunity from prosecution where
the investigation into the person's conduct stems from informa-
tion divulged during counseling and later reported to the DSS
pursuant to the Child Protection Law, MCL 722.623; MSA
25.248(3).

The requirement of reporting suspected child abuse or ne-
glect to the DSS imposed by the Child Protection Law on
counseling agencies and others and the abrogation of privileged
communications, except that between attorney and client, as
provided in the Child Protection Law, MCL 25.248(11); MSA
25.248(11), are constitutionally valid.

Reversed and remanded.

Rape — Criminal Sexual Conduct — Child Protection Law —
Due Process.

The right to due process of law is not violated where prosecution
for criminal sexual conduct involving a child is based on

REFERENCES

Am Jur 2d, Criminal Law §§ 825 *et seq.*; Infants §§ 14-16.
Validity, construction, and application of state statute requiring
doctor or other person to report child abuse. 73 ALR4th 782.

suspected child abuse or neglect as reported to the Department of Social Services pursuant to the Child Protection Law by an agency that counseled the defendant at the defendant's request and gave the defendant assurances of confidentiality (MCL 722.621 *et seq.*; MSA 25.248[1] *et seq.*).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Thomas L. Smithson,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

Before: BRENNAN, P.J., and HOLBROOK, JR., and McDONALD, JJ.

PER CURIAM. The people appeal as of right from an August 28, 1990, order dismissing the information charging defendant with second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3). We reverse.

Pursuant to a plea agreement, defendant attempted to plead guilty of fourth-degree criminal sexual conduct, MCL 750.520e; MSA 28.788(5). During the plea procedure, defendant mentioned his attempt to obtain counseling regarding the sexual conduct underlying the charge. Defense counsel explained that the abuse was reported by the counseling agency pursuant to the Child Protection Law, MCL 722.623; MSA 25.248(3), and that defendant was arrested shortly after the report was made. The trial court adjourned the proceeding, noting it believed there was a recent case on point and requesting the parties to apprise the court of it. Thereafter, defendant filed a motion to dismiss based on *People v Farrow,* 183 Mich App 436; 455 NW2d 325 (1990), the case referred to by the trial court.

In *Farrow,* a panel of this Court held that under facts similar to those presented here—an investigation into the defendant's criminal sexual conduct instigated after the defendant sought counseling and was informed that his treatment would remain confidential—sufficient state action was involved to support the defendant's due process claim. Farrow challenged his prosecution, alleging confidential information had been illegally disclosed and that the use of that information against him violated public policy and his right to due process of law. The trial court granted defendant Farrow's motion to dismiss, determining prosecution would frustrate the purpose of the Child Protection Law, MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.,* and would violate the principles of fundamental fairness upon which the right to due process rests. The prosecution appealed the dismissal but limited its argument to a claim that due process was improperly invoked because no state action was involved. This Court rejected the prosecution's argument concerning state action and, noting the prosecution's failure to challenge the trial court's due process analysis, affirmed the dismissal of the charges against Farrow.

The trial court in this case, relying on the opinions of both the lower court, and this Court in *Farrow,* granted defendant's motion to dismiss. The prosecution now appeals, claiming fundamental fairness does not require that a defendant who initiates counseling and receives false assurances of confidentiality be granted complete immunity from prosecution where the investigation into the defendant's conduct stems from information divulged during counseling and later reported pursuant to MCL 722.623; MSA 25.248(3). We agree.

As previously noted, this Court in *Farrow* did not address that portion of the lower court's deci-

sion dealing with the broad notion that a due process violation may be premised on a generalized idea of fair play without regard to the more specific questions involved in due-process analysis such as whether there were any procedural defects or arbitrary or unreasonable state action. A review of the lower court opinion in *Farrow* reveals an analysis that, when stripped to its essentials, consists of nothing more than the well-known proposition that the state must deal fairly with a defendant and the lower court's apparent but unstated and unexplained conclusion that Farrow was not treated fairly.

A proper analysis of the issue must begin with the identification and examination of the conduct on which defendant bases his due process claim. Although defendant provided the lower court little information and argument in support of his motion, we will assume, because both defendant and the lower court relied exclusively on the *Farrow* case, that the basis of defendant's complaint, like that of Farrow's, arises from the reporting of what was believed to be confidential information by the counseling agency. In short, defendant and the trial court find "unfair" the fact that on the basis of "confidential" information voluntarily provided by the defendant to the counselor, the agency filed a report with the Department of Social Services indicating defendant was suspected of abusing his stepdaughter. Thus, in effect, defendant is challenging the mandatory reporting requirement set forth in § 3 of the Child Protection Law on grounds that the reporting is generally "unfair" when a defendant voluntarily seeks help and is contrary to public policy because it will dissuade persons such as defendant from seeking help and thus hinder the discovery and removal of children from homes where they are abused.

This argument overlooks the fact that public policy issues are best addressed by the Legislature. Given enactment of the reporting requirement, as well as the section abrogating any legally recognized privileged communications except those between attorney and client, MCL 722.631; MSA 25.248(11), it appears the Legislature found the public policy arguments supporting general detention, and thus likely prosecution, MCL 722.623; MSA 25.248(3), more compelling than those promoting self-reporting and self-sought treatment. Additionally, this Court has already upheld the validity of the statute's reporting requirement in the face of various constitutional challenges. *People v Cavaiani,* 172 Mich App 706; 432 NW2d 409 (1988).

The validity of the reporting requirement and the concomitant abrogation of the privilege applicable to the communications at issue here already having been settled, the only area remaining for complaint by defendant is that the counseling agency failed to inform him of its duty to report under the statute and thus improperly assured him that his treatment would remain confidential. Thus, defendant is claiming he was harmed by the counselor and agency's handling of their obligation to report under the statute.

Although we agree that the agency erred in failing to inform defendant of its duty to report suspected child abuse when specifically questioned by defendant regarding the confidentiality of his treatment, we do not find any support for defendant's proposed remedy—immunity from prosecution for criminal acts of sexual abuse committed against his stepdaughter. Because defendant's complaint arises from the mishandling of the reporting requirements of the statute, we look to the statute itself to determine defendant's remedy. It

appears the Legislature anticipated that problems would arise both with those reporting and those being reported under the statute. Thus, in § 5, the Legislature set forth the parameters of the reporting person's liability arising from acts done pursuant to the statute. Defendant must find his remedy therein.

We find no support for the trial court's holding defendant absolutely immune from prosecution on the basis of some generalized notion of fairness. There was no egregious conduct. The information reported was neither coerced nor solicited from defendant, but was given voluntarily. Dismissal of the information charging defendant was improper.

We note, however, that a separate analysis must be applied when addressing whether any statements made by defendant to the counselor are admissible at defendant's criminal trial. Section 11 abrogates all legally privileged communications only with regard to child protective proceedings and does not otherwise affect privileges with regard to criminal proceedings. Moreover, use of defendant's statements as evidence against him in a criminal prosecution under the facts presented herein may well provide a better basis for defendant's generalized due process claim. We decline to fully address this issue because the trial court's premature dismissal of the case prevented the case from proceeding to that point.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.