## PEOPLE v WOOD

Docket No. 138084. Submitted January 13, 1993, at Grand Rapids.
Decided August 2, 1993, at 9:20 A.M.

James Wood was convicted by a jury in the Calhoun Circuit
Court, Stephen B. Miller, J., of possession of between 50 and
225 grams of cocaine and possession with intent to deliver
marijuana. The defendant appealed, claiming that the trial
court erred in refusing to suppress evidence of the narcotics
uncovered in a search of his home pursuant to a warrant,
inasmuch as the warrant was invalid because its supporting
affidavit was given by a social worker in violation of a statutory
privilege governing communications between the social worker
and the defendant's minor daughter.

The Court of Appeals *held:*

1. The statutory privilege governing communications between
social worker and client, MCL 339.1610; MSA 18.425(1610), is
abrogated by the Child Protection Law, MCL 722.631; MSA
25.248(11), where a report is required under the Child Protec-
tion Law or where the communications are offered as evidence
of neglect or abuse in a child protective proceeding. The excep-
tion provided by the Child Protection Law to the privilege
between social worker and client does not apply in this case. A
social worker is not required by the Child Protection Law to
serve as an affiant for a warrant authorizing the search of a
parent's home for illicit narcotics, and the communications
involved in this case were offered as evidence in a criminal
prosecution against the defendant, not in a protective proceed-
ing for the benefit of the defendant's child.

2. The defendant, as a person authorized to act in behalf of
his minor child, can assert or waive the privilege governing
communications between the child and her social worker.

3. The defendant's child did not waive the privilege in discus-
sions with others because those discussions did not involve the

REFERENCES

Am Jur 2d, Infants § 14 *et seq.*; Witnesses § 285 *et seq.*
See ALR Index under Children; Privileged and Confidential Mat-
ters.

communication itself. Because the privileged communication had not yet occurred, it could not have been waived.

4. The appropriate remedy for the violation of the privilege in this case is suppression of the evidence seized pursuant to the warrant.

Reversed.

EVIDENCE — PRIVILEGED COMMUNICATIONS — CHILD PROTECTION LAW.

The Child Protection Law abrogates legally recognized privileges, except that between attorney and client, only where a report is required under the act or where the communication subject to a privilege is offered as evidence of neglect or abuse in a child protective proceeding (MCL 722.631; MSA 25.248[11]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jon R. Sahli,* Prosecuting Attorney, and *David J. Wallace,* Assistant Prosecuting Attorney, for the people.

*John H. Macfarlane,* for the defendant.

Before: MARILYN KELLY, P.J., and MACKENZIE and NEFF, JJ.

MARILYN KELLY, P.J. Following a jury trial, defendant was convicted of possession of between 50 and 225 grams of cocaine and possession with intent to deliver marijuana. MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii); MCL 333.7401(2)(c); MSA 14.15(7401)(2) (c). The judge sentenced him to consecutive terms of five to twenty years and three months to four years in prison for the convictions, respectively. On appeal, defendant argues that the judge erred in admitting evidence obtained in violation of the social worker-client privilege. He asserts, also, that prosecutorial misconduct denied him a fair trial. He argues that there was insufficient evidence to convict him and that the court erred in imposing consecutive sentences. He asserts that the search warrant used to seize the drugs was wrongfully issued. We reverse.

I

Narcotics charges were filed against defendant after a search of his residence led to the discovery of marijuana and cocaine. The affiant for the search warrant affidavit was John Loniewski, a social worker employed by the Calhoun County Children's Protective Services. Loniewski had counseled defendant's eleven-year-old daughter, Melissa. At the hearing on defendant's motion to suppress, Mr. Loniewski testified that he spoke to Melissa after receiving a telephone call from her school principal. Melissa had told her teacher she was having problems at home because of her parents' involvement with drugs.

Melissa told Loniewski that her parents were using and selling cocaine and marijuana. They sometimes took Melissa and her brother with them when they purchased or sold narcotics. Loniewski allegedly told Melissa that the information she provided him could be used in a criminal prosecution against her parents. Melissa denied this. She claimed she would not have said anything to Loniewski if he had told her the consequences.

Loniewski believed that Melissa and her brother were emotionally and possibly physically neglected. Consequently, he contacted the Michigan State Police and told them what he knew. At the suggestion of the police, Loniewski acted as the affiant.

At trial, the court denied defendant's motion to suppress the evidence seized during the search. It indicated that Loniewski's actions in serving as an affiant were reasonable and necessary and were not prohibited by the social worker-client privilege. Loniewski did not testify at defendant's trial.

II

On appeal, defendant argues that the trial court erred in failing to suppress evidence seized under an invalid search warrant. The warrant was invalid, he alleges, because the information providing the basis for its issuance violated the statutory social worker-client privilege. MCL 339.1610; MSA 18.425(1610). The privilege is not subject to waiver except by the client or a person authorized to act in the client's behalf. *Id.*

Privileges are intended to encourage society's interest in open discussion between persons in need and those from whom they seek help. *People v Adamski,* 198 Mich App 133; 497 NW2d 546 (1993). The rationale traditionally advanced for privileges is that public policy requires the encouragement of communications essential to effective relationships. *Howe v Detroit Free Press,* 440 Mich 203, 211; 487 NW2d 374 (1992). Statutorily created privileges should be narrowly construed, while exceptions are broadly construed. *In re Brock,* 442 Mich 101, 119; 499 NW2d 752 (1993).

The Child Protection Law provides an exception to the social worker-client privilege.

> Any legally recognized privileged communication except that between attorney and client is abrogated and shall neither constitute grounds for excusing a report otherwise required to be made nor for excluding evidence in a civil child protective proceeding resulting from a report made pursuant to this act. [MCL 722.631; MSA 25.248(11).]

Section 11 does not completely abrogate the privilege in all child protective proceedings. *In re Brock,* 117, citing *In re Tedder,* 150 Mich App 688, 702; 389 NW2d 149 (1986). It abrogates the privilege only (1) where a report is required under the

act, or (2) where the communication subject to a privilege is offered as evidence of neglect or abuse in a child protective proceeding. *Id.* The exception does not otherwise affect privileges with regard to criminal proceedings. *People v Mineau,* 194 Mich App 244, 249; 486 NW2d 72 (1992).

We agree with defendant that the exception in § 11 applies only to child protective proceedings and not criminal proceedings. See *Mineau, supra.* In this case, the confidential communication was used to obtain probable cause for a search warrant. Once the warrant had been executed, defendant was charged, not for crimes against his children, but with violation of Michigan's narcotics laws. Cf. *Mineau, supra.*

Contrary to the prosecution's assertions, nothing in any other section of the Child Protection Law permits us to ignore the privilege in this case. We recognize that the Child Protection Law mandates that social workers cooperate with law enforcement officials in relation to preventing, identifying and treating child abuse and neglect. MCL 722.628; MSA 25.248(8). It also requires them to report incidents of abuse and neglect. MCL 722.623; MSA 25.248(3). However, the reporting requirements mandated under this act do not obligate social workers to act as affiants for search warrants when the police are seeking evidence of narcotics activities.

The intent of the Legislature in enacting the Child Protection Law was not to sanction the use of confidential information to obtain probable cause for a search warrant. It was, instead, to protect children from abuse and neglect. In this case, protection of the children was accomplished by removing them from the home and initiating child protection proceedings. Under the facts of

this case, we find that no exception to the social worker-client privilege exists.

### III

The prosecution argues that, even if no exception exists, defendant has no standing to assert the privilege, because it belongs to his daughter. We note that the statute creating the social worker privilege states that the privilege is subject to waiver by a client or a person authorized to act in the client's behalf. MCL 339.1610; MSA 18.425(1610). A parent is a person authorized to act in the child's behalf. *Thames v Thames,* 191 Mich App 299, 303; 477 NW2d 496 (1991). Since defendant could waive the privilege, it logically follows that he could also assert it based on his status as the child's parent.

### IV

We disagree that Melissa waived the privilege by telling other persons about her parents' drug dealings before she spoke with Loniewski. Disclosures she made prior to the meeting with Loniewski did not involve the communication itself. See *Kubiak v Hurr,* 143 Mich App 465, 474; 372 NW2d 341 (1985); Cf. *United States v Benford,* 457 F Supp 589, 597 (ED Mich, 1978). Since the privileged communication had not yet occurred, the privilege could not have been waived.

### V

We conclude that the social worker-client privilege was violated under the facts of this case. The next question to be addressed is whether the evidence seized in violation of the privilege must be suppressed. The per se exclusionary rule is appli-

cable to constitutionally defective searches and seizures. *Birkenshaw v Detroit,* 110 Mich App 500, 512; 313 NW2d 334 (1981). The rule has a dual purpose: (1) protection of the right to privacy, and (2) deterrence of police misconduct. *Id.,* citing *People v Warner,* 401 Mich 186, 209; 258 NW2d 385 (1977). A statutory violation, especially where the statute provides its own remedy, does not require application of the exclusionary rule. *People v Moore,* 180 Mich App 301, 307; 446 NW2d 834 (1989). Even if the constitutional exclusionary rule is inapplicable, a similar exclusionary rule may be applied on public policy grounds. See *People v Burdo,* 56 Mich App 48, 52; 223 NW2d 358 (1974).

The social worker-client privilege is provided for by statute. MCL 339.1610; MSA 18.425(1610). However, the statute furnishes no remedy if the privilege is violated. Cf. *Mineau,* 248-249, citing MCL 722.625; MSA 25.248(5). We believe the appropriate remedy in this case is to suppress the evidence seized. Without imposing this remedy, such blatant violations of the social worker-client privilege would go unchecked.

Based on our disposition of this matter, defendant's remaining issues are rendered moot.

Reversed.