PEOPLE v WOOD

Docket No. 97441. Argued April 7, 1994 (Calendar No. 12). Decided
    August 31, 1994.

James Wood was convicted by a jury in the Calhoun Circuit
    Court, Stephen B. Miller, J., of possession of between 50 and
    250 grams of cocaine and possession of marijuana with intent
    to deliver. The defendant had sought to suppress evidence of
    the drugs seized during a search of his home on the ground
    that the affiant for the search warrant, a Children's Protective
    Services social worker who had learned of the drugs from the
    defendant's daughter, had violated the duty of confidentiality
    established by MCL 339.1610(2); MSA 8.425(1610)(2). The trial
    court, however, held that when viewed in the context of the
    Child Protection Law, MCL 722.631; MSA 25.248(11), the ac-
    tions of the social worker were reasonable and necessary. The
    Court of Appeals, MARILYN J. KELLY, P.J., and MACKENZIE and
    NEFF, JJ., reversed, holding that the trial court erred in deny-
    ing the defendant's motion to suppress (Docket No. 138084).
    The people appeal.

In an opinion by Justice BOYLE, joined by Justices RILEY,
    GRIFFIN, and MALLETT, the Supreme Court held:

The Court of Appeals erred in holding that the privilege was
    violated. Assuming arguendo that there was a violation of the
    statute, suppression of the evidence was not an appropriate
    remedy. Even if suppression were an appropriate remedy, the
    defendant is not entitled to it because his rights were not
    violated.

1. The statutory duty of confidentiality of a social worker
    employed by the department of social services is abrogated
    under the Child Protection Law where it is necessary to cooper-
    ate with law enforcement officials in order to protect a child. In
    this case, the defendant's daughter alleged neglect, and the
    social worker was obligated to investigate. He was authorized
    by statute to cooperate with law enforcement officials in con-
    ducting the investigation. That his cooperation produced evi-
    dence supporting felony charges against the defendant in addi-
    tion to abuse and neglect proceedings undermines neither his
    authority to cooperate nor the legality of the seizure and use of
    the evidence. The question is not whether the social worker

was obligated to act as affiant for the search warrant, but whether he was prevented from doing so.

2. Even if the social worker had violated his duty of confidentiality, the defendant may not assert it because his rights were not violated. He lacks standing to invoke his daughter's rights under the statute.

Chief Justice CAVANAGH, concurring, stated that the defendant does not have standing under the limited facts of this case.

It is apparent that MCL 339.1610(2); MSA 18.425(1610)(2), is intended to protect the confidential nature of the social worker-client relationship. The defendant is not asserting the privilege in this case to protect the confidentiality of his daughter's relationship with her social worker, he is asserting it to protect himself from criminal prosecution. To allow the defendant to assert the privilege on behalf of his daughter under the facts of this case would in no way further the legislative intent underlying the privilege.

Justice BRICKLEY, joined by Justice LEVIN, concurred except with respect to part III.

Vacated and remanded.

201 Mich App 58; 505 NW2d 882 (1993) vacated.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jon Sahli,* Prosecuting Attorney, and *David J. Wallace,* Assistant Prosecuting Attorney, for the people.

*John H. Macfarlane* for the defendant.

BOYLE, J. The issue in this case is whether a search warrant for defendant's home was unlawfully obtained and, if so, whether controlled substances, paraphernalia, and cash discovered in executing the warrant should have been suppressed. The search warrant was based on the affidavit of a social worker and related information provided by the defendant's daughter. The Court of Appeals held that because the affidavit of the social worker violated the duty of confidentiality established in MCL 339.1610(2); MSA 18.425(1610)(2), the trial court erred in refusing to suppress the

evidence. We reverse the decision of the Court of Appeals.

I

In October 1988, eleven-year-old Melissa Wood told her friend at school that her parents were selling and using marijuana and cocaine from the family home. She then gave her teacher similar information. The teacher and Melissa went to the principal who, after speaking with Melissa, telephoned Children's Protective Services of the Calhoun County Department of Social Services to report what he viewed as a possible case of neglect.

On October 11, Melissa met with John Loniewski, a licensed social worker employed by Children's Protective Services. Although there is some disagreement over the details of this meeting,[1] it is not disputed, and both the district and circuit court found, that Melissa told Mr. Loniewski that her parents used and distributed cocaine and marijuana. She stated that her father made four or five trips per evening to sell cocaine, and that she and her younger brother sometimes accompanied him and that her parents were usually "high." She said she was fearful about this situation.

Mr. Loniewski called the Michigan State Police. He was the affiant for a search warrant issued by the district court executed the same day. During the search, officers seized approximately 84 grams

---

[1] At the suppression hearing in district court, Mr. Loniewski testified that he told Melissa that anything she told him could be used against her parents in a criminal prosecution. He testified that "she was worried about what would happen to her parents because of their drug use and abuse in her statements to me, but also stated that she saw no other way her parents would change their behavior other than the authorities being advised of the problem." Melissa, on the other hand, denied that Mr. Loniewski mentioned anything about criminal prosecution.

of cocaine, seven bags containing more than one and one-half kilograms of marijuana, drug paraphernalia, and over $8,000 cash. The defendant was charged with possessing between 50 and 225 grams of cocaine, pursuant to MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii), and possessing marijuana with intent to deliver, pursuant to MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c).

The defendant filed motions to suppress in both the district and circuit courts, contending that the evidence seized during the search should be excluded from evidence because Loniewski violated the duty of confidentiality established by MCL 339.1610(2); MSA 18.425(1610)(2).[2] The circuit court denied the motion, finding that it was not

> unreasonable or unnecessary for Mr. Loniewski to seek the assistance and aid of law enforcement officials nor for Mr. Loniewski to serve as affiant on a search warrant to either confirm or refute the reports of drug possession and trafficking. In fact, it is difficult to conceive of any course of action more appropriate to the sure and prompt determination of the truth or falsity of Melissa's allegations.

The court held that § 11 of the Child Protection Law, MCL 722.631; MSA 25.248(11),[3] "must be

---

[2] The statute provides, in pertinent part:

> Except as otherwise provided in this section, a communication between a . . . social worker . . . or an agency of which the . . . social worker . . . is an agent and a person counseled is confidential. This privilege is not subject to waiver except when the disclosure is part of the required supervisory process within the agency for which the . . . social worker . . . is employed; or except where so waived by the client or a person so authorized to act in the client's behalf.

[3] This statute provides:

> Any legally recognized privileged communication except that between attorney and client is abrogated and shall neither

read in the context of other clauses in the act" which mandated that social workers seek the assistance of and cooperate with law enforcement officials "if law enforcement intervention was necessary for the child's protection." The court specifically found that Loniewski's action was reasonable and necessary because "[w]ithout the evidence of the drugs, the posture of any civil child protective proceedings" would turn on the credibility of an eleven-year-old child against the testimony of her two adult parents. After a jury trial, the defendant was convicted as charged.

The Court of Appeals reversed the conviction on the basis that the trial court erred in denying defendant's motion to suppress. 201 Mich App 58; 505 NW2d 882 (1993). The Court held that § 11 of the Child Protection Law abrogates the privilege only when a report is required under the act or when a communication is offered as evidence in a civil child protective proceeding and that the reporting requirements of the act "do not obligate social workers to act as affiants for search warrants . . . ." 201 Mich App 62. The Court further held that Melissa had not waived the privilege by telling other people about her parents' activities before she spoke with Loniewski, because these disclosures did not involve the communication itself. *Id.* at 63. Finally, the Court held that the defendant had standing to assert Melissa's rights under the privilege, and that the appropriate remedy was suppression of the evidence. *Id.* at 63-64.

We granted the prosecutor's application for leave to appeal. 444 Mich 914 (1994). We hold that

constitute grounds for excusing a report otherwise required to be made nor for excluding evidence in a civil child protective proceeding resulting from a report made pursuant to this act.

the Court of Appeals erred in holding that the privilege was violated. Further, assuming arguendo that there was a violation of the statute, suppression of the evidence was not an appropriate remedy. Finally, even if suppression were an appropriate remedy, the defendant is not entitled to that remedy because his rights were not violated.[4]

II

The trial court did not err in denying defendant's motion to suppress. Mr. Loniewski's duty of confidentiality was abrogated because his report to the police was statutorily required under the circumstances of this case.

The defendant is correct that § 11 of the Child Protection Law is primarily directed to persons making reports to the department of social services, rather than to persons employed by the department. Section 11 abrogates privileges other than the attorney-client privilege when a report is "otherwise required to be made" or when communications subject to a privilege are offered as evidence of neglect or abuse in a "child protective proceeding." MCL 722.631; MSA 25.248(11); see also *In re Brock,* 442 Mich 101, 117-118; 499 NW2d 752 (1993). If Mr. Loniewski were not an employee of the department, his disclosure to authorities would be governed by § 3, which provides that a member of a described class of persons outside the department "who has reasonable cause to suspect child abuse or neglect shall . . . report, or cause an oral report to be made, of the suspected child abuse or neglect to the department." MCL 722.623(1); MSA 25.248(3)(1).

Communications between the department and

---

[4] We do not reach the remainder of the prosecutor's arguments because our resolution of these issues makes it unnecessary.

law enforcement officials are generally governed by § 3(3), which permits the Department of Social Services to disclose reports to the prosecuting attorney, but does not require it to do so. See MCL 722.623(5); MSA 25.248(3)(5). Under the circumstances of this case, however, § 8 required the department to cooperate with law enforcement officials to the extent necessary to "safeguard and enhance the welfare of the child":

> In the course of its investigation, the department shall determine if the child is abused or neglected. The department shall cooperate with law enforcement officials, courts of competent jurisdiction, and appropriate state agencies providing human services in relation to preventing, identifying, and treating child abuse and neglect . . . and shall take necessary action to prevent further abuses, to safeguard and enhance the welfare of the child, and to preserve family life where possible. [MCL 722.628(2); MSA 25.248(8)(2).]

We believe it would be inconsistent with the general protective purpose of the act[5] to hold that these specific statutory provisions are superseded by the general rules of occupational privilege, particularly in a case where that privilege would clearly be abrogated if the social worker were not employed by the department.

The alleged conduct of Melissa's parents could reasonably be considered child neglect: daily drug usage by both, unsupervised absences of her brother from the home, Melissa having to care for herself, and selling large amounts of illegal drugs from the home. As it is used in the act, "neglect"

---

[5] This act shall not prohibit a person who has reasonable cause to suspect child abuse or neglect from making a report to the appropriate law enforcement officials or probate court. [MCL 722.632; MSA 25.248(12); see also MCL 722.624; MSA 25.248(4).]

includes "[p]lacing a child at an unreasonable risk to the child's health or welfare by failure of the parent . . . to intervene to eliminate that risk when that person is able to do so and has, or should have, knowledge of the risk." MCL 722.622(d)(ii); MSA 25.248(2)(d)(ii).

The trial court evaluated Loniewski's action as reasonable and necessary "to prevent further abuses" or "to safeguard and enhance the welfare of the child." MCL 722.628(2); MSA 25.248(8)(2). Assuming arguendo that such a finding is required under the statute, we hold that the trial court correctly concluded that obtaining a search warrant for the defendant's home was necessary in this case[6] for the protection of the children. The court explained that it would be difficult or impossible to conduct child protective proceedings without a search:

> Without the evidence of the drugs, the posture of any civil child protective proceedings would, at most, involve the testimony of an eleven year old child against the testimony of her two adult parents. Indeed, as noted by Mr. Loniewski, he could have pursued such proceedings but with little basis for expecting them to be successful on the evidence of Melissa's story alone.

The court also specifically addressed the statutory requirement that family life be preserved where possible:

> The court recognizes the important public policy concerns, reflected in the child protection act itself, that family life be preserved where possible.

---

[6] We are not saying, however, that § 8 requires a report to the police in all such cases, only that it was not improper here. In other words, failure to seek law enforcement cooperation under similar circumstances does not necessarily violate MCL 722.633; MSA 25.248(13).

Sometimes the nature of the child abuse and neglect will make such preservation difficult if not impossible altogether. Reports of serious felony crimes being committed by parents is certainly such a situation. Whether the discovery of such crimes in the long run is more likely to preserve family life than the ignoring of them is a question this court cannot answer. This court does believe, however, that where the public concern with preventing child abuse and neglect has a head on collision with the public concern for preserving family life in a way where the two cannot readily be reconciled, that it is the latter which must yield to the former.

Further confirmation that Mr. Loniewski considered the search necessary to protect Melissa is found in the affidavit itself, which recounts Melissa's description of life at home:

She stated that her parents are usually high and giddy. She indicated that she goes outside to get away from the activity but when she comes into the home to go to the bathroom or get something to drink, whatever, she sees the activity occurring. I asked her who cares for her when this is going on because the activity seems to be going on constantly and she indicated that she was responsible for dinner 4-5 nights per week and was responsible for her own laundry and pretty much her own care while she was home from school. She indicated that her brother always goes to a friends house because he knows it's occurring and doesn't like it and consequently is hardly ever home.

Melissa's report alleged child neglect; Loniewski was obligated to investigate this report, and the relevant statute authorized and ordered him to cooperate with law enforcement officials in conducting his investigation. MCL 722.628(3); MSA 25.248(8)(3). The fact that this cooperation pro-

duced evidence supporting felony charges in addition to abuse and neglect proceedings undermines neither Loniewski's authority to cooperate with law enforcement nor the legality of the seizure and use of the evidence. We find nothing in the statute that is inconsistent with the conclusion that the privilege is abrogated when a social worker employed by the department finds it necessary to cooperate with law enforcement officials in order to protect a child. The question is not whether Loniewski was obligated "to serve as affiant on a search warrant," but whether he was prevented from doing so. We find he was not.

### III

Even if Loniewski had violated his duty of confidentiality, the defendant may not assert the remedy because his rights were not violated. In other words, he lacks standing to invoke his daughter's rights under the statute. As a general rule, criminal defendants do not have standing to assert the rights of third parties. For example, a defendant cannot assert a claim for suppression on the basis of unlawful invasion of the person or property of a third party. *Rakas v Illinois,* 439 US 128; 99 S Ct 421; 58 L Ed 2d 387 (1978).

For similar reasons, Michigan courts have declined to allow litigants in civil cases to invoke the privileges of third parties. In *Gaertner v Michigan,* 385 Mich 49, 53; 187 NW2d 429 (1971), we held that because the physician-patient privilege belongs to the patient, the hospital could not invoke the privilege in order to avoid releasing records to the patient. See also *Samson v Saginaw Professional Bldg, Inc,* 44 Mich App 658; 205 NW2d 833 (1973), aff'd 393 Mich 393; 224 NW2d 843 (1975) (holding that it was not error to admit evidence

covered by the physician-patient privilege because the possessor of the privilege, a different party, expressed no desire to exercise it). We have also applied the principle to the privilege against self-incrimination. In *People v Gallon,* 121 Mich App 183, 190; 328 NW2d 615 (1982), the Court held that the defendant lacked standing "to either claim the privilege against self-incrimination for a witness or to complain about an error on the part of the trial judge in overruling the witness's attempt to assert it."

We acknowledge that, as the parent of a minor privilege holder, this defendant is in a somewhat unique position. The case before us, however, is not a situation in which the state seeks to waive a minor's privilege and "[f]amily love and loyalty are pitted against the asserted need to obtain all relevant evidence for the sake of truth and justice." Note, *Parent-child loyalty and testimonial privilege,* 100 Harv L R 910, 910 (1987). The state did not intervene by encouraging Melissa Wood to provide information about her parents. She made that decision herself.

The Court of Appeals correctly but inaptly noted that the statute creating the duty of confidentiality may allow the defendant to waive the privilege in his daughter's behalf. The statute provides that "[t]his privilege is not subject to waiver . . . except where so waived by the client or a person authorized to act in the client's behalf." MCL 339.1610(2); MSA 18.425(1610)(2); see also *Thames v Thames,* 191 Mich App 299, 303; 477 NW2d 496 (1991). A parent's standing to *assert* a privilege on the child's behalf, particularly to suppress evidence of activity by the parent that could be harmful to the child, is a different matter. In *People v Lobaito,* 133 Mich App 547; 351 NW2d 233 (1984), the defendant had been convicted of

first-degree murder in the death of his wife and claimed it was error to admit the testimony of a child psychologist who had treated his three-year-old son. After noting that the issue had not been preserved, the Court stated that he lacked standing:

> Defendant would assert the privilege in this case not to preserve the confidentiality of the child's statements to the psychologist, but to exclude potentially harmful testimony in a murder trial. Even assuming that defendant was the child's guardian, we conclude that defendant was not entitled to assert the statutory privilege in this case. [*Id.* at 562.]

### IV

For the foregoing reasons, we vacate the decision of the Court of Appeals, reinstate the defendant's conviction, and remand the case to the Court of Appeals for consideration of arguments not previously addressed.

RILEY, GRIFFIN, and MALLETT, JJ., concurred with BOYLE, J.

CAVANAGH, C.J. I concur with the majority that the defendant lacks standing to assert his daughter's privilege as established by MCL 339.1610(2); MSA 18.425(1610)(2). I write separately, however, to emphasize that defendant does not have standing under the limited facts of this case.

It is a well-established rule of law that privileges should be narrowly construed. *People v Love,* 425 Mich 691, 700; 391 NW2d 738 (1986) (opinion of CAVANAGH, J.). Their construction should be no greater than necessary to promote the interests

sought to be protected in the first place. *Howe v Detroit Free Press,* 440 Mich 203, 226; 487 NW2d 374 (1992).

It is apparent that MCL 339.1610(2); MSA 18.425(1610)(2), is intended to protect the confidential nature of the social worker-client relationship. The defendant is not asserting the privilege in this case to protect the confidentiality of his daughter's relationship with her social worker, he is asserting it to protect himself from criminal prosecution. To allow the defendant to assert the privilege on behalf of his daughter under the facts of this case would in no way further the legislative intent underlying the privilege. I therefore agree that the defendant has no standing to assert his daughter's privilege.

BRICKLEY, J. I concur in the result and the reasoning of the majority, with the exception of part III, which I find unnecessary to the resolution of the case.

LEVIN, J., concurred with BRICKLEY, J.