CHRISTENSEN v MICHIGAN STATE YOUTH SOCCER ASSOCIATION,
INC

Docket No. 182459. Submitted June 12, 1996, at Detroit. Decided July 30,
1996, at 9:00 A.M.

Mark Christensen brought an action in the Oakland Circuit Court
against Michigan State Youth Soccer Association, Inc., and others
after the private association placed him on suspension and proba-
tion and notified his employer, the Detroit Wheels professional soc-
cer club, and a prospective employer, the Detroit Neon profes-
sional soccer team, of the disciplinary action. The Detroit Wheels
terminated the plaintiff's employment, and the Detroit Neon with-
drew an offer of employment to the plaintiff. The plaintiff alleged
breach of contract, tortious interference with a contractual rela-
tionship, fraud, and violations of constitutional due process. The
court, Rudy J. Nichols, J., denied the plaintiff's motion for a declar-
atory judgment and granted summary disposition for the defend-
ants with respect to all claims. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err in summarily dismissing the breach
of contract claim in view of the plaintiff's failure to exhaust intraor-
ganizational remedies. Where, as in this case, a private association
has provided a reasonably effective means of resolving controver-
sies before it and there is no evidence of fraud by the association
in its treatment of the complaining member, courts should not
interfere with the orderly governing of the association.

2. The plaintiff was not entitled to judicial review of his claims
before the exhaustion of intraorganizational remedies in the
absence of a showing that the pursuit of such remedies would have
been an exercise in futility.

3. Because the plaintiff's substantive claims should have been
brought before the association, and not in the trial court, the grant
of summary disposition before the completion of discovery was
proper.

4. The trial court properly granted summary disposition of the
due process claim because the association's activities cannot be
deemed to be "state action" under US Const, Am XIV and Const
1963, art 1, § 17 by any reasonable conception of that term.

5. The trial court did not err in summarily dismissing the fraud claim. The plaintiff's reliance on defendants' assurances that his suspension would not affect his soccer career did not result in injury or damage caused by the defendants to the plaintiff inasmuch as it was the Detroit Wheels and the Detroit Neon who ultimately made decisions regarding the plaintiff's employment.

6. The trial court properly granted summary disposition of the claim of tortious interference with a contractual relationship in view of the plaintiff's failure to exhaust intraorganizational remedies.

Affirmed.

1. ASSOCIATIONS — DISCIPLINARY ACTIONS AGAINST MEMBERS — JUDICIAL REVIEW.

Courts should not interfere with a private association's disciplinary actions against a member where the association has provided a reasonably effective means of resolving controversies and there is no evidence of fraud by the association in its treatment of the member; intraorganizational remedies must be exhausted before judicial review can be sought, unless the pursuit of such remedies would be an exercise in futility.

2. ASSOCIATIONS — CONSTITUTIONAL LAW — DUE PROCESS.

A private association that lacks a sufficiently close nexus to the state such that its acts cannot be fairly treated as those of the state itself is not subject to constitutional requirements of due process when disciplining a member (US Const, Am XIV; Const 1963, art 1, § 17).

3. ASSOCIATIONS — CONSTITUTIONAL LAW — DUE PROCESS.

A private association that possesses a monopolistic status in some realm of activity is not thereby subject to constitutional requirements of due process when disciplining a member (US Const, Am XIV; Const 1963, art 1, § 17).

*Wright, Goldstein & Schwartz* (by *Steven L. Schwartz* and *Dale A. Anderson*), for the plaintiff.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Donald J. Gasiorek, Patrick Burkett,* and *Carl B. Downing*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and MARKMAN and J. L. MARTLEW,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MARKMAN, J. As the result of complaints regarding plaintiff's behavior at several youth soccer league functions, and following notice and a hearing, plaintiff was found to have violated the rules and regulations of the Michigan State Youth Soccer Association (MSYSA), a private association. Consequently, plaintiff was suspended for a six-month period from participating in MSYSA activities. As a result of this suspension, it appears that plaintiff was subsequently discharged from his employment as head coach and director of player personnel by the Detroit Wheels professional soccer club and that an offer of employment from the Detroit Neon professional soccer team was also withdrawn. Plaintiff subsequently sued defendants for breach of contract, tortious interference with a contractual relationship, fraud, and violations of constitutional due process. Plaintiff appeals as of right from a December 28, 1994, order denying his motion for a declaratory judgment and granting defendants' motion for summary disposition. We affirm.

Plaintiff first argues that the trial court erred in granting summary disposition in favor of defendants of plaintiff's claim for breach of contract. Specifically, plaintiff argues that defendants breached their contract with plaintiff because of their failure to establish a state soccer appeals panel, their failure to conform to the required penalty for first-time offenders, their failure to forward copies of official game reports to the appropriate persons, their failure to convene a hearing at the site of the alleged misconduct, and their failure to convene a disciplinary hearing in a timely manner. We disagree. Where a private association has provided a reasonably effective means of

resolving controversies before it, and where there is no evidence of fraud by the association in its treatment of the complaining member, courts should not interfere with the orderly governing of the association. *James v Midland Co Agricultural & Horticultural Society*, 107 Mich App 1, 7; 308 NW2d 688 (1981). Courts have no business regulating the procedures of private associations absent a compelling showing that substantial rights of a member are implicated and that there is no reasonable opportunity for the member to effectively assert those rights within the confines of the group. The record here reveals that plaintiff failed to exhaust his internal remedies within the MSYSA. Plaintiff could have appealed the MSYSA's suspension decision; however, he elected not to avail himself of this opportunity because he believed that he would ultimately be successful in negotiating a settlement with the MSYSA. Because this Court explicitly rejects the entanglement of the judiciary in the rules of a private association such as the MSYSA, and because the MSYSA has provided a reasonably effective means of deciding internal controversies, the trial court properly abstained from reviewing the dispute before plaintiff had exhausted all his intraorganizational remedies. Therefore, summary disposition was properly granted in favor of defendants of plaintiff's breach of contract claims.

Next, plaintiff argues that judicial review of his claims before exhaustion of intraorganizational remedies would be proper because an appeal would have been futile. In the context of an administrative agency, there is a judicially created exception to the exhaustion requirement for cases where an appeal to the administrative agency would be futile. *Manor*

*House v Warren*, 204 Mich App 603, 605; 516 NW2d 530 (1994). However, it must be "clear that an appeal to an administrative board [would be] an exercise in futility and nothing more than a formal step on the way to the courthouse." *Id.* By analogy to the administrative context, plaintiff's entitlement to an appeal in the instant case would not be such an exercise in futility because of the specificity with which the MSYSA appeal procedure is described. No showing has been made that the results of an appeal are foreordained or that plaintiff would not have a reasonable opportunity to prevail on the basis of the merits of his position. Thus, plaintiff's appeal would not necessarily have been futile, and summary disposition was proper because plaintiff failed to exhaust his available administrative remedies.

Plaintiff next contends that summary disposition was not properly granted because discovery had not been completed with regard to all the issues plaintiff alleged in his complaint. We again disagree. Because discovery was necessary to support plaintiff's substantive claims, and because these claims were not properly before the court but should have been brought before the MSYSA's appeals committee, summary disposition before discovery was completed was proper.

Plaintiff next claims that he was not afforded due process when the MSYSA imposed a six-month suspension followed by a six-month probationary period. However, plaintiff has cited no Michigan law that would entitle a member of a private association to "due process" of the law beyond what is provided for by the rules and bylaws of the organization itself. The MSYSA is not a state entity under the Fourteenth

Amendment of the United States Constitution or Art 1, § 17 of the Michigan Constitution. *Woodland v Michigan Citizens Lobby*, 423 Mich 188, 204-212; 378 NW2d 337 (1985), citing *Cramer v Metropolitan Savings & Loan Ass'n*, 401 Mich 252, 258-259; 258 NW2d 20 (1977); *People v Farrow*, 183 Mich App 436, 441; 455 NW2d 325 (1990); *Dearborn v Freeman-Darling, Inc*, 119 Mich App 439, 442; 326 NW2d 831 (1982); *Cole v Dow Chemical Co*, 112 Mich App 198, 203; 315 NW2d 565 (1982).

There is no provision of law that imposes upon private associations the same panoply of procedural rules imposed on public entities by the Due Process Clauses of these constitutions. Rather, these documents set forth a distinction between things that are public and things that are private, which this Court has no interest in obscuring. As the Supreme Court has observed, "It is at the heart of the American libertarian tradition that the individual be given wide rein in structuring his relationships with other individuals, if only because the alternative of close government control threatens liberty itself." *Woodland, supra* at 211, quoting Burke & Reber, *State action, congressional power and creditors' rights*, 46 S Cal L R 1003, 1016 (1973). We do not find that the activities of the MSYSA can be deemed to be "state action" by any reasonable conception of that term. The trial court properly granted summary disposition in favor of defendants of plaintiff's claim of violations of due process.

Plaintiff cites *Dietz v American Dental Ass'n*, 479 F Supp 554, 557 (ED Mich, 1979), for the proposition that

> where a professional association [American Board of Endodentists] has monopoly power and membership in the association significantly affects the member's practice of his profession, courts will hold the association has a fiduciary duty to be substantively rational and procedurally fair.

However, we do not believe that the determinant of whether an organization must independently comply with the Due Process Clauses is whether it possesses an alleged "monopolistic" status in some realm of activity, but rather whether there is a "sufficiently close nexus between the state and the challenged action so that acts may be fairly treated as those of the state itself." *Farrow, supra* at 441.

Even by the standards of *Dietz*, however, we find that plaintiff has failed to bring forth evidence that the MSYSA is a professional association with "monopoly power" or that membership in the MSYSA "significantly affects" a member's practice of his profession. Further, all *Dietz* says is that in cases involving disciplinary actions by professional associations, due process requires notice and an opportunity to be heard. *Id.* at 557-558. Plaintiff was, in fact, provided with full notice of the charges against him by the MSYSA, a hearing was held regarding the charges, and plaintiff had the opportunity to present his own version of the events. Such procedures would afford plaintiff sufficient "due process" even if this Court were to accept the proposition that a private association such as the MSYSA is somehow governed by the requirements of US Const, Am XIV or Const 1963, art 1, § 17.

Plaintiff's final claim is that the trial court erred in granting summary disposition in favor of defendants of plaintiff's claim of fraud or misrepresentation. Plaintiff contends that assurances were made by

defendants that his suspension would not affect his soccer career and that he relied on these assurances, causing him to change his position with resultant injury.[1] We disagree. To show fraud or misrepresentation, plaintiff must prove: (1) defendants made a misrepresentation; (2) defendants knew that they were making a misrepresentation or made it in a reckless manner; (3) such misrepresentation was material; (4) defendants made the misrepresentation with the intent that plaintiff would act upon it; (5) plaintiff acted in reliance upon it; and (6) plaintiff suffered damage. *Arim v General Motors Corp*, 206 Mich App 178, 195; 520 NW2d 695 (1994).

Here, plaintiff has failed to show how he has been injured by defendants' representations to him regarding his suspension. Plaintiff was allegedly assured by defendants that, despite his suspension, he would be permitted to compete in certain soccer activities but was subsequently terminated from a professional soccer position and not hired for another after employers were informed about his suspension by the MSYSA. However, it was ultimately the Detroit Wheels and the Detroit Neon, not the MSYSA, who decided to terminate employment and withdraw an offer of employment. Although plaintiff may have relied on defendants' assurances in obtaining employment, these assurances played no role in the ultimate decisions of the Wheels or the Neon and were not responsible for injuries suffered by plaintiff. The MSYSA merely supplied information regarding plaintiff's suspension. Defendants never said that they would not provide

---

[1] Judicial review in a case where fraud is present is proper even where the plaintiff has failed to exhaust intraorganizational remedies. See *James, supra* at 7.

such information to anyone who asked but merely asserted their *belief* that plaintiff's suspension would not prohibit him from participating in other soccer activities. Because there is no evidence of any misrepresentations on defendants' part that caused plaintiff injury, there was no genuine issue of material fact, and defendants' motion for summary disposition of the fraud claim was properly granted.

Because plaintiff had not yet exhausted the internal processes of the MSYSA, summary disposition was also properly granted with regard to plaintiff's claim that defendants intentionally interfered with his contractual relationships as a result of the same events.

Affirmed.