# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 27, 2007

132284

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

                                  SC: 132284
                                  COA: 267976
                                  Sanilac CC: 05-006016-FC

THOMAS JAMES EARLS,
      Defendant-Appellee.

_____/

On March 6, 2007, the Court heard oral argument on the application for leave to appeal the October 3, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, and we REMAND this case to the Sanilac Circuit Court for further proceedings not inconsistent with this order. The Court of Appeals clearly erred in affirming the ruling of the Sanilac Circuit Court that suppressed evidence seized in violation of MCL 767A.1 *et seq.* This Court has held that where, as here, "there is no determination that a statutory violation constitutes an error of constitutional dimensions, application of the exclusionary rule is inappropriate unless the plain language of the statute indicates a legislative intent that the rule be applied." *People v Hawkins*, 468 Mich 488, 507 (2003); *People v Anstey*, 476 Mich 436, 448 (2006). The Legislature has given no indication in the text of MCL 767A.1 *et seq.* that "the drastic remedy of exclusion of evidence was intended for a statutory violation." *Hawkins, supra*, at 500; *Anstey, supra*, at 447-449. The Court of Appeals also clearly erred in holding that defendant has standing to challenge the admission of records held by third parties. *People v Gadomski*, 274 Mich App ___ (Docket No. 268568, decided February 1, 2007). "As a general rule, criminal defendants do not have standing to assert the rights of third parties." *People v Wood*, 447 Mich 80, 89 (1994).

WEAVER, J., concurs and dissents and states as follows:

I concur in the order reversing the judgment of the Court of Appeals and remanding this case to the Sanilac Circuit Court for further proceedings. I dissent from the inclusion of the following statement in the order:

The Court of Appeals also clearly erred in holding that defendant has standing to challenge the admission of records held by third parties. *People v Gadomski*, 274 Mich App ___ (Docket No. 268568, decided February 1, 2007). "As a general rule, criminal defendants do not have standing to assert the rights of third parties." *People v Wood*, 447 Mich 80, 89 (1994).

I do not think the above language is necessary, nor does this Court need, in dicta, to comment on the Court of Appeals position on whether the defendant had standing to challenge the admission of records held by third parties.

CAVANAGH, J., dissents and states as follows:

For the reasons stated in my dissent in *People v Hawkins*, 468 Mich 488 (2003), I would affirm the decisions of the trial court and the Court of Appeals. I would support applying the exclusionary rule here because this Court traditionally recognized a presumption in favor of using the exclusionary rule for statutory violations. *Id.* at 520 (Cavanagh, J., dissenting). The investigative-subpoena statute is particularly appropriate for such a presumption. The protections of the statute, MCL 767A.1 *et seq.*, are couched in mandatory terms. Without an effective method of enforcing the statute, the provisions are inconsequential. Excluding the evidence from use at trial is the only meaningful way of remedying a violation. I would deny leave to appeal.

KELLY, J., dissents and states as follows:

This case arises from a home invasion in which a safe containing a large sum of money and other valuables was stolen. While investigating the crime, the Sanilac County Prosecutor's Office served on various institutions approximately 34 subpoenas seeking private documents relating to defendant and his wife. The subpoenas purported to be "investigative subpoenas" under MCL 767A.1 *et seq.*, but, as the prosecutor has conceded, they were defective.

The trial court suppressed the evidence seized pursuant to the defective subpoenas and the Court of Appeals affirmed. I would affirm that decision for the reasons articulated in Justice Cavanagh's dissenting statement. I write separately to discuss the prosecutor's willful violation of the statutory procedure.

During oral argument at the Court of Appeals, the prosecutor admitted that "her office routinely followed a process that entirely circumvented the process required by statute for acquiring investigative subpoenas." *People v Earls*, unpublished opinion per curiam, issued October 3, 2006 (Docket No. 267976). I am concerned that, in reversing the Court of Appeals judgment, this Court will appear to condone the practice, inviting prosecutors to disregard a statutory protection essential to the rights of individuals. I

believe that it is serious error to allow the prosecutor to willfully violate the law without penalty. As Justice Brandeis eloquently stated:

> In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means—to declare that the Government may commit crimes in order to secure the conviction of a private criminal—would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face. [*Olmstead v United States*, 277 US 438, 485 (1928) (Brandeis, J., dissenting).]



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 27, 2007

*Corbin R. Davis*
Clerk

s0424